**Judi G. WEAVER, Plaintiff,**

v.

**Norman J. GROSS, Defendant.**

**Civ. A. No. 84–1944.**

United States District Court, District of Columbia.

Sept. 30, 1985.

Lynn E. Berry, Fairfax, Va., for plaintiff.

Christopher E. Hassell, Brault, Graham, Scott & Brault, Washington, D.C., Russell H. Gardner, Wolf, Pokempner & Hillman, Baltimore, Md., for defendant.

## MEMORANDUM OPINION AND ORDER

ARTHUR L. BURNETT, Sr., United States Magistrate.

The case in its current posture involves only a claim by the plaintiff against Norman J. Gross under 42 U.S.C. § 1981 for alleged intentional discrimination in the firing of plaintiff on December 7–8, 1982, from her employment with the 1330 19th Street Corporation as a bartender at the "Numbers" restaurant at 1330 19th Street, N.W. because of her association as a White woman with a Black man. On this claim she seeks back pay, reinstatement, compensatory and punitive damages. By Order of June 26, 1985 the Court (Hogan, J.) set the case for jury trial to commence at 9:15 a.m. on January 16, 1986 and provided that discovery in the case was to be completed by November 15, 1985, with all discovery disputes referred to a United States Magistrate for resolution. A pretrial conference was set before the Court for 4:30 p.m. on January 7, 1986.

Subsequently, on July 1, 1985, counsel for the plaintiff filed their motion to compel answers to interrogatories and production of documents. The Magistrate, by Order of July 22, 1985, denied the motion to compel,

"provided the defendant Norman J. Gross files Answers to Plaintiff's First

Set of Interrogatories and a response to the Request for Production of Documents reflecting that all non-privileged documents have been produced, the discovery responses being limited to the matters and issues involved in the unlawful discrimination claim under section 1981 in Count I, this to be done no later than August 9, 1985, in view of the amount of time which has already passed in the case and the time defendant Gross has already had the pending requests."[1] At that time, the plaintiff's request for an award of costs, including attorney's fees, was denied.

It appears that notwithstanding the deadline established by the Magistrate's Order of July 22, 1985 that answers be furnished by August 9, 1985, they were not filed until August 27, 1985 and, indeed, according to the certificate of service, were not mailed to counsel for the plaintiff until August 23, 1985. It further appears that the answers were filed without being sworn to before a notary public, and were thus not under oath as required by Rule 33, Federal Rules of Civil Procedure. Likewise, the defendant Gross' response to plaintiff's request for production of documents was filed on August 27, 1985.

Plaintiff, by counsel, promptly filed, on August 30, 1985, a motion to compel answers to interrogatories and production of documents and a request for sanctions. With reference to sanctions, counsel requested the Court to consider striking defendant Gross' defenses and the awarding of counsel fees against the defendant Gross, for what counsel characterized as "his blatant disregard of the Federal Rules of Civil Procedure as well as the local rules of this Court." On September 10, 1985 counsel for the defendant filed their opposition to the motion to compel.

Preliminarily, the Magistrate observes that the defendant Norman J. Gross has acknowledged that he is the President and Chief Executive Officer of The 1330 19th Street Corporation, which was plaintiff's employer. Further, he cannot separate his individual conduct in his personal capacity from his capacity as an officer of plaintiff's employer where the information sought to be elicited is relevant to his motive and intent in an alleged disparate treatment case dealing with the issue as to why plaintiff was terminated from her employment on December 8, 1982. Finally, a party cannot take a purposefully restricted approach to discovery by furnishing only that information within his immediate knowledge or possession; a party has a duty to seek that information reasonably available to him from his employees, agents, or others subject to his control as corporate President. According, on this record the Magistrate concludes that defendant Gross' responses to interrogatories numbers 3, 4, 5, 6, 10, 11, 13, 15, 17, 18, 19, 20, 21, 22 and 23 were all seriously deficient. A plaintiff is not only entitled to discovery of admissible evidence, but also to discovery of information "reasonably calculated to lead to the discovery of admissible evidence." Further, in unlawful employment discrimination cases a plaintiff is entitled to discovery of comparative evidence as to how other people in similar circumstances were treated and to develop evidence that an employer's proffered reason for an employment decision was pretext or subterfuge, including impeachment and rebuttal evidence. See *Minority Employees at NASA v. Beggs*, 723 F.2d 958 (D.C.Cir.1983). Indeed, under the teaching of this case, it would be reversal error for a judge or magistrate to restrict the scope of discovery to the parameters Norman J. Gross has attempted to apply in this case. See also *Miles v. M.N.C. Corp.*, 750 F.2d 867, 870 (11th Cir.1985); *Trevino v. Cela-*

---

**1.** Counsel for the defendant had sent a letter, dated July 19, 1985, advising that defendant did not plan to oppose plaintiff's motion to compel, as defendant was then currently preparing his responses to plaintiff's discovery requests. Counsel there represented: "Defendant esti-

mates that responses should be available within thirty days." The Magistrate's Order, in setting a deadline of August 9, 1985, in effect shortened this contemplated thirty days to be, in effect, twenty (20) days from July 19, 1985.

*nese Corp.*, 701 F.2d 397, 405 (5th Cir. 1983).

██ With reference to the Requests for Production of Documents, the conclusory and summary answers furnished are also deficient. A precise and specific response should have been furnished to Request No. 1 identifying the document or documents produced and relating the document or documents to specific interrogatories. Further, as President and Chief Executive Officer, the defendant has the authority and power to produce records and documents in the possession and custody of The 1330 19th Street Corporation. Thus, he must produce copies of the documents and records requested within the scope of Request No. 2; No. 3 (limited to minutes dealing with employee policies and practices and pay and benefits for the period January 1, 1980—December 31, 1982); No. 4; No. 5 (limited to the period of January 1, 1980—December 31, 1982); No. 6 (limited to the period of January 1, 1980—December 31, 1982); No. 7 (limited to the period of January 1, 1980—December 31, 1982); No. 8; No. 9; No. 10 (limited to the period of January 1, 1980—December 31, 1982, except where privilege applies, such as confidential communications between attorney-client or the work product doctrine is applicable); No. 11 (limited to 1982); No. 12 (limited to 1982 and as to matters involving employee policies and practices); and 13 (limited to the period of January 1, 1980—December 31, 1982). The Magistrate concludes that the role of the defendant as President and Chief Executive Officer, as well as a significant shareholder in The 1330 19th Street Corporation, suggests sufficient personal involvement in the operations and activities of the "Numbers" restaurant to require the scope of discovery as stated above. The artificial distinction between the defendant in his activities as Chief Executive Officer and the corporation as a separate legal entity is totally unwarranted in the context in which this Section 1981 claim arises. The two roles are inextricably intertwined, especially where there is a basis in fact for conclud-ing that Mr. Gross did have a pervasive influence in corporate activities.

Based on the foregoing analysis and reasons, it is now hereby this 30th day of September, 1985,

ORDERED:

1. That the defendant Norman J. Gross supplement his answers to interrogatories numbers 3, 4, 5, 6, 10, 11, 13, 15, 17, 18, 19, 20, 21, 22 and 23, properly signed under oath by Mr. Gross, furnishing a full and complete answer as to each, not only as to information now in his possession personally, but also as to information in his control and available to him as President and Chief Executive Officer of The 1330 19th Street Corporation.

2. As to the Requests for Production of Documents, the defendant Norman J. Gross shall supplement his responses consistent with the views expressed above in the Memorandum Opinion and Order and he can refuse to produce or decline to do so only if he submits an affidavit under oath that the Board of Directors of the Corporation has voted to deny him the authority to produce the requested documents and records.

3. Should the defendant Norman J. Gross produce corporate documents, records and minutes involving confidential business matters, he may stamp them as "Confidential" and they shall not be made a part of the public record of this case without Leave of Court, but to the extent filed or their contents are revealed in filings with the Court, such documents, pleadings and memoranda shall be filed under Seal. Further, the material produced stamped "Confidential" shall be used only by counsel and those persons assisting counsel in this litigation and for no other purposes and no reproduction or copies thereof shall be made.

4. If the Board of Directors of The 1330 19th Street Corporation vote to deny the defendant Norman J. Gross the authority to produce the relevant corporate documents, of copies thereof, then leave is granted to plaintiff to depose the corpora-

tion through its designated representative, with a subpoena duces tecum, under Rules 30 and 45, Federal Rules of Civil Procedure.

5. The obligations imposed upon the defendant Norman J. Gross shall be fulfilled and supplemental answers to interrogatories or responses to requests for production, properly executed, shall be filed with this Court no later than 4:00 p.m., October 11, 1985, failing which the plaintiff may move for default and default judgment as a sanction under Rule 37(b)(2)(C) for Mr. Gross' failure to comply.

6. The plaintiff's motion for sanctions is hereby GRANTED, to the extent that plaintiff is hereby awarded her costs, including attorney's fees in connection with the motion to compel filed August 30, 1985, against both the defendant Gross and his attorneys. Counsel for the plaintiff may file an affidavit as to the amount sought within ten (10) days, after which the defendant may file objections to the amount claimed or request a hearing thereon, which will be promptly scheduled.

7. A failure to comply with the deadlines imposed herein or future deadlines may result in additional sanctions being hereafter imposed. Extensions or enlargements of time will only be GRANTED by the Court (Judge or Magistrate) and not solely on agreement of counsel, and must be based on formal motion, setting forth good cause, filed at a time sufficiently in advance of the deadline for the Court to act before the deadline arrives. Further, dereliction of counsel in meeting deadlines set by the Court or Magistrate will not be tolerated.

8. A settlement conference in this case, with counsel and the principals, Ms. Judi Weaver and Mr. Norman J. Gross, present is hereby scheduled before the undersigned U.S. Magistrate in Courtroom 25, U.S. District Court, for November 18, 1985 at 3:00 p.m. Counsel shall be prepared to make a complete presentation of the strengths and weaknesses of each party's position in the presence of their respective clients and to answer probing questions from the Magis-

trate or to have their clients do so in an effort to settle this litigation.