**Ronald MARSHALL, Plaintiff,**

v.

**DISTRICT OF COLUMBIA WATER & SEWAGE AUTHORITY, Defendant.**

**No. CIV.A.01–01915(HHK/JMF).**

United States District Court, District of Columbia.

March 18, 2003.

David A. Branch, Bobbie L. James, Washington, DC, for plaintiff.

Mary E. Pivec, Greenberg, Traurig, L.L.P., Washington, DC, for defendant.

## MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

This case has been referred to me by Judge Kennedy pursuant to LCvR 72.2(a) in order to resolve plaintiff's *Motion to Compel Discovery Responses And For Sanctions.* For the reasons set forth herein, plaintiff's motion to compel will be granted in part and denied in part.

## BACKGROUND

Plaintiff, Ronald Marshall, brings this employment discrimination case against the District of Columbia Water & Sewage Authority ("WASA") alleging race discrimination. Specifically, plaintiff asserts that WASA engaged in a pattern and practice of discrimination against African Americans by failing to implement personnel policies which would allow supervisors to make the hiring decisions rather than "handpicking" the selectees. Complaint, ¶ 2–3a.

Plaintiff is an African American male who has been employed by WASA as a Civil Engineer since of October 1996, and was assigned to the Department of Engineering and Technical Services. *Id.,* ¶ 9. In 1996, plaintiff was hired at the grade 12 level after applying for a grade 13 level position. Leon-

ard Benson, a personnel officer at WASA, allegedly decided to downgrade plaintiff's position and would only upgrade him after he completed a one year probationary period. At the end of the one year probationary period, plaintiff was not upgraded. *Id.,* ¶ 11. In both 1997 and 1999, plaintiff applied for grade 13 positions in the Department of Engineering and Technical Services. In each instance, plaintiff was passed over and non-African Americans were selected for the positions. *Id.,* ¶ 13.

On March 21, 2002, plaintiff served defendant WASA with written discovery requests. Defendant WASA responded to those requests on May 22, 2002, thirty days after the discovery due date.[1] On June 14, 2002, plaintiff informed defendant WASA that its responses were inadequate. As a result, the parties continued to correspond with one another in order to correct those deficiencies. Finally, on June 19, 2002, defendant WASA provided certain exhibits and a draft protective order,[2] supplementing their previous responses. D. Opp. at 2, Exhibit E. However, plaintiff still contends that defendant "WASA has improperly refused to provide responses to the following discovery requests: Interrogatory Nos.: 3, 5, 6 and 11... and Document Request Nos.: 1, 6, 7, 10, 11, 12, 14 and 16." *Memorandum of Points and Authorities in Support of Plaintiff's Motion to Compel Discovery and for Sanctions ("P. Mot."),* at 1, Exhibit A.

## DISCUSSION

■ Plaintiff's motion to compel was filed on June 26, 2002, and in its opposition, filed on July 10, 2002, defendant WASA also makes many concessions with respect to plaintiff's discovery requests. However, defendant WASA maintains some of its previous objections. No reply was filed by plaintiff. Accordingly, I will rule on each separate discovery response that plaintiff takes issue with in its motion to compel.

1. However, defendant WASA indicates in its opposition that this deadline was set by mutual agreement. *Opposition to Plaintiff's Motion to Compel Discovery Responses And For Sanctions ("D.Opp."),* at 2.

2. The agreed protective order was filed with the Court and signed by Judge Kennedy on July 23, 2002.

1. ***Interrogatory # 3:*** Plaintiff requested the identities, by name, race, sex, and age, of all WASA employees for fiscal years 1996–2000 in the Department of Engineering and Technical Services. Specifically, plaintiff requested the date of hire, hiring grade, current grade, all promotions, education and professional licenses, hiring salary, and current salary of each employee. P. Mot. at 6. In it opposition papers, defendant WASA agreed to "provide the requested information, with the exception of age and sex." D. Opp. at 5. Because plaintiff has made neither a claim of sex discrimination nor age discrimination, the gender and age of the employees at WASA are irrelevant to the alleged race discrimination claim. Therefore, I will sustain WASA's objection. *Hardrick v. Legal Services Corp.,* 96 F.R.D. 617, 618 (D.D.C.1983).

2. ***Interrogatories # 5 & # 6:*** Plaintiff requested defendant WASA to identify all positions filled by the Department of Engineering and Technical Services from 1996–2000 and the identity of the person hired for the position. P. Mot. at 7. WASA has provided the information in a chart. D. Opp. at 6, Exhibit E. I will, therefore, deny plaintiff's motion to compel any additional information. However, defendant WASA, in response to Interrogatory # 6, did not produce a "best qualified list" for each of the subject positions. If defendant WASA does not have a "best qualified list" for each position, then so be it. However, for the positions for which a "best qualified list" does exist, defendant WASA is ordered to produce it to plaintiff. *Minority Employees at NASA (MEAN) v. Beggs,* 723 F.2d 958, 962 (D.C.Cir.1983)(finding that statistical and comparative information is relevant evidence in an individual discrimination claim); *Glenn v. Williams,* 209 F.R.D. 279, 281 (D.D.C.2002)(comparative evidence may be used to construct a *prima facie* case of discrimination).

3. ***Interrogatory # 11:*** Plaintiff requested that defendant WASA "identify by name, race, sex and age each applicant for a structural, civil, and [sic] or any other engineer position filled ... between fiscal years[,] 1996 and 2000." P. Mot. at 7. In its opposition, defendant WASA, "in an effort to demonstrate good faith," agreed to produce the recruitment and selection files relating to all structural or civil engineer positions filed during 1996–2000. D. Opp. at 7.[3] Accordingly, I will deny plaintiff's motion to compel any additional information.

4. ***Document Request # 1:*** Plaintiff seeks production of all documents used in defendant WASA's Answers to Interrogatories. According to its June 19, 2002 letter to plaintiff's counsel, defendant WASA agreed to produce all responsive, non-privileged documents. D. Opp. at 8, Exhibit E. However, defendant WASA still maintains its objection based on work product doctrine and attorney-client privilege. In order to allow plaintiff to ascertain the validity of the claim of privilege, I will order defendant WASA to submit for my *in camera* inspection all documents as to which it claims any privilege and I will decide if the privilege exists as to those documents.[4]

5. ***Document Request # 6:*** Plaintiff seeks production of all documents which pertain to the personnel policies in effect during the period of plaintiff's

---

**3.** Note that defendant WASA objected to the scope of this discovery request, asserting that information relating to positions other than those plaintiff applied for was not relevant to plaintiff's claims. D. Opp. at 7. However, plaintiff's request did place both a temporal and geographic limitation on the documents requested, which is appropriate and within the boundaries of the discovery rules. *See e.g., Glenn v. Williams,* 209 F.R.D. 279, 281 (D.D.C.2002); *White v. U.S.*

*Catholic Conference,* 1998 WL 429842, at *4 (D.D.C.1998).

**4.** As I noted in my previous opinions, I have found privilege logs useless. *Mitchell v. Nat'l R.R. Passenger Corp.,* 208 F.R.D. 455, 461 (D.D.C.2002); *Avery Dennison Corp. v. Four Pillars,* 190 F.R.D. 1 (D.D.C.1999).

employment at WASA. P. Mot. at 10. According to its June 19, 2002 letter, defendant WASA "produced all relevant, non-privileged documents." D. Opp. at 8. However, defendant WASA again provided no privilege log. As stated above, defendant WASA will produce for my *in camera* review the documents being withheld.

6. ***Document Request # 7:*** Plaintiff seeks production of all documents relating to investigations handled by defendant WASA regarding complaints of unfair selection for every vacancy announcement posted from 1996–2000. P. Mot. at 10. Defendant WASA objects to this request based upon attorney-client privilege and that it is overly broad and unduly burdensome, yet, they have agreed to "produce documents relating to unfair selection complaints [insofar as they] originat[e] from Plaintiff's department and relat[e] to the similar decision-maker." D. Opp. at 9–10. Complaints about the same decision maker are relevant to a discrimination claim and, thus, shall be produced. *Pleasants v. Allbaugh*, 2002 WL 31520105, at *3 (D.D.C. November 12, 2002)(holding that information concerning the same decision maker is relevant to whatever evidence it may produce regarding that person's discriminatory animus). But, plaintiff wants more. He is seeking every complaint ever made for each position announced at WASA during a four year period. This request sweeps too broadly because it potentially involves complaints that have nothing to with plaintiff's department or the persons he accuses of discriminatory conduct. *Childers v. Slater*, 1998 WL 429849, at *4 (D.D.C.1998). Therefore, I find that defendant WASA properly limited its responses to relevant information and will compel nothing more.

7. ***Document Request # 11:*** Plaintiff seeks production of all documents which pertain to investigations of EEO claims filed against WASA between 1996–2000. P. Mot. at 10–11. Defendant WASA objected on the grounds that the request was overly broad and unduly burdensome, and that the information sought constitutes work product prepared in anticipation of litigation. D. Opp. at 10. Defendant WASA did partially respond to the request by producing documents related to "employees who filed a complaint or charge alleging race discrimination involving a failure to promote." *Id.* at 10–11.[5] That is too narrow. WASA will produce the documents that relate or pertain to the EEO investigation of racial discrimination filed against WASA during the period of 1996–2000. Again, WASA will submit any documents as to which it claims the attorney-client or work product privileges for my *in camera* inspection.

8. ***Document Request # 12:*** Plaintiff seeks all applications and documents which relate to every position filled by WASA in the Department of Engineering and Technical Services between 1996–2000. P. Mot. at 11. In its original answer, defendant WASA stated that it would produce all non-privileged documents, pursuant to a protective order, that relate solely to the position applied for by plaintiff. D. Opp. at 11. A protective order having been entered into on July 23, 2002, defendant WASA presumably has produced those documents. If that is not the case, I will order their immediate production. Moreover, defendant WASA now agrees to "produce the recruitment and selection files for each position filled within the Department of Engineering and Technical Services during 1996–2000." *Id.* at 12. Accordingly, I will compel nothing more.

9. ***Document Request # 14:*** Plaintiff seeks production of all performance evaluations of grade 11 through 15 engineers assigned to the Department of

5. Due to the misnumbering of the document requests, it appears that plaintiff was not aware that defendant WASA had indeed partially responded to this document request in its June 19, 2002 letter to counsel. D. Opp. at 10 n. 2.

Engineering and Technical Services during 1996–2000. P. Mot. at 11. Pursuant to the agreed Protective Order, defendant WASA will produce the performance evaluations for the stated period for all the engineers, given plaintiff's broad disparate impact claim.

10. *Document Request #16*: Plaintiff seeks all documents which reflect the start date, hiring salary, raises and promotions, and current salary of all employees in the Department of Engineering and Technical Services during 1996–2000. P. Mot. at 11–12. This request appears to be duplicative of Interrogatory # 3 which sought information concerning the date of hire, hiring grade, current grade, all promotions, education and professional licenses, hiring salary, and current salary of each employee at WASA. As noted above, defendant WASA has agreed to provide such information and has either produced such documents or provided it in chart form. D. Opp. at 13, Exhibit E. Additionally, for the first time in its motion to compel, plaintiff identifies the exact documents they are seeking as "personnel files." P. Mot. at 12. The parties have already agreed to a protective order, therefore, any privacy concerns are negligible and those personnel files shall be produced. *Glenn v. Williams,* 209 F.R.D. at 282; *Pleasants v. Allbaugh,* 208 F.R.D. 7 (D.D.C.2002).

I have carefully reviewed WASA's responses and the history of the discovery controversy. I see no basis for imposing sanctions against WASA.

An Order accompanies this Memorandum Opinion.