**Ronald MARSHALL, Plaintiff,**

v.

**DISTRICT OF COLUMBIA WATER & SEWAGE AUTHORITY, Defendant.**

**Civil Action No. 01–1915 (HHK/JMF).**

United States District Court, District of Columbia.

Oct. 15, 2003.

---

*v. District of Columbia Water & Sewage Auth.*, 214 F.R.D. 23, 25 (D.D.C.2003). Defendant has narrowed its privilege claims to certain documents that plaintiff had demanded by seeking all documents used in preparing the defendant's answers to plaintiff's interrogatories. I have now reviewed the documents. I conclude that some of them qualify for protection under the attorney-client privilege and that the rest are work product, the disclosure of which would reveal counsel's mental impressions, conclusions, or legal theories. FED.R.CIV.P. 26(b)(3). Hence, the documents are absolutely protected from disclosure.

### The Attorney–Client Privilege

Two sets of the documents are notes made by counsel for defendant while interviewing persons employed by the District of Columbia Water and Sewer Authority in reference to this lawsuit. They are unquestionably protected by the attorney-client privilege. *Upjohn Co. v. United States*, 449 U.S. 383, 393–94, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).

There are three other documents that seem to fall within the privilege because they represent communications from an employee of the client to the employer. However, it is unnecessary to ascertain whether the attorney-client privilege applies because the documents are absolutely protected from discovery by Federal Rule of Civil Procedure 26(b)(3).

### The Work–Product Privilege

The first document is authored by a Labor Relations Specialist, Lee Clark. Via this document, Clark transmitted to counsel a certain list. The other two documents transmit files from employees to counsel for the corporation. They say nothing about the files being transmitted but are the kind of "post-it" notes that usually accompany documents to indicate the recipient and what is being transmitted. Having seen them, I am convinced that they were transmitted from their authors to counsel so that she could fulfill her responsibility of answering plaintiff's discovery.

David A. Branch, Bobbie L. James, Washington, DC, for plaintiff.

Mary E. Pivec, Greenberg Traurig, L.L.P., Washington, DC, for defendant.

### MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

In my Memorandum Opinion of March 18, 2003, I ordered that the defendant produce for my *in camera* inspection all documents as to which it claimed either the attorney-client or work-product privileges. *Marshall*

**6**

The memorandum from Clark and the two "buck slips" [1] qualify for work-product protection because they were prepared by a party's agents (the people who worked for the defendant) "for trial." FED.R.CIV.P. 26(b)(3). The words "for trial" include materials prepared during the pre-trial stage. *See United States v. Nobles,* 422 U.S. 225, 239, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975). In fact, the rule expressly protects materials prepared in anticipation of litigation or for trial. It is inconceivable that the draftsmen of that rule intended to protect material prepared in anticipation of litigation and for trial but not materials prepared during discovery. Given the vital importance of discovery to effective trial preparation, there is no reason to leave out the middle time period between the anticipation of litigation and trial. A much more rational reading of the rule protects material created anywhere along the continuum from anticipation of trial until trial, including, of course, discovery.

Because the buck slips were thus prepared "for trial," the question becomes whether their disclosure threatens to reveal counsel's mental impressions, conclusions, or legal theories. FED.R.CIV.P. 26(b)(3). If so, they are absolutely protected from disclosure by that rule. *See Upjohn,* 449 U.S. at 400, 101 S.Ct. 677. In my view, the "buck slips" allow one to learn what documents were sent to counsel, thereby revealing what documents counsel thought she needed to answer the interrogatories. That necessarily discloses her theory of how to answer them as surely as asking her what information she thought was important to collect to answer the interrogatories. Such insight obviously invades the mental process counsel used to perform a legal task, and thus I cannot permit disclosure.

█ There is one final document, a copy of the interrogatories on which counsel has written her thoughts as to legal theories, things to do, and possible defenses. This is work product in its purest form and, as I have just noted, Rule 26(b)(3) absolutely protects it from disclosure.

I therefore conclude that the documents withheld are privileged and need not be disclosed.

---

1. Perhaps they take their name from the sign on President Truman's desk: "The buck stops here."

