724 F.Supp. 141 (1989)
E.J. NOVAK and Debra Studer, Plaintiffs,
v.
NATIONAL BROADCASTING COMPANY, INC., Brandon Tartikoff, Broadway Video, Inc., Lorne Michaels, Donah Minot, Don Novello, WNBC, Gaylord Production Company and Fries Entertainment Co., Defendants.
No. 88 Civ. 5380 (RWS).
United States District Court, S.D. New York.
October 13, 1989.
As Amended November 13, 1989.
*142 E.J. Novak and Debra Studer, New York City, pro se.
Cahill Gordon & Reindel, P.C. (Thomas R. Jones, James Sandnes, Nelson Bogart, of counsel), and Sandra A. Baron, W. Drew Kastner, Jeffrey Paule, National Broadcasting Co., Inc., New York City, for defendants NBC, Brandon Tartikoff, Broadway Video and Lorne Michaels.

OPINION
SWEET, District Judge.
Defendants National Broadcasting Company, Inc., Brandon Tartikoff, Broadway Video, Inc., Lorne Michaels, and Dinah Minot (collectively, the "NBC Defendants") have moved pursuant to Local Rule 3(j) and Rules 56 and 60(b), Fed.R.Civ.P., for an order granting reargument on certain portions of the court's June 23, 1989 opinion (the "Opinion"), 716 F.Supp. 745 (S.D.N.Y.), and, upon reargument, amending the Opinion in certain respects, granting summary judgment dismissing the complaint in its entirety, and dismissing plaintiff Debra Studer ("Studer") from the action. Plaintiffs E.J. Novak ("Novak") and Studer (collectively, the "Plaintiffs") have moved pursuant to Rules 15(a), 21, and 4(j), Fed.R. Civ.P., for an order granting them leave to amend their complaint to add two additional counts of copyright infringement, permitting them to add NBC Productions, Inc. ("NBC Productions") as a defendant, and extending the period in which to serve defendant Don Novello ("Novello") with a summons and a copy of the amended complaint. For the reasons set forth below, the NBC Defendants' motion for reargument is granted and, upon reargument, their requested relief is granted in part, and denied in part, and the Plaintiffs' motion is granted.

Prior Proceedings
On August 2, 1988, the Plaintiffs filed a complaint alleging claims for copyright infringement, unfair competition, and tortious interference with business relations against the NBC Defendants and other defendants. The Opinion granted the defendants' motions for summary judgment, except for the copyright infringement claim against the NBC defendants alleging that a skit involving a gangster performed on "Saturday Night Live" ("SNL") infringed the Plaintiffs' script for a skit involving a gangster performed on Joe Franklin's "Video Vault." Familiarity with the Opinion is assumed.
On July 12, 1989, the NBC Defendants moved pursuant to Local Rule 3(j) and Rules 56 and 60(b), Fed.R.Civ.P., for an *143 order granting reargument on certain portions of the Opinion and, upon reargument, 1) amending the Opinion to clarify the court's holding regarding certain findings of fact, 2) granting summary judgment dismissing the remaining copyright infringement claim, and 3) dismissing Studer from the action.
On July 12, 1989, the Plaintiffs moved pursuant to Rules 15(a), 21, and 4(j), Fed.R. Civ.P., for an order 1) granting them leave to amend their complaint to add two additional counts of copyright infringement, 2) permitting them to add NBC Productions as a defendant, and 3) extending the period in which to serve Novello with a summons and a copy of the amended complaint.
The NBC Defendants' motion for reargument was taken on submission of papers, and oral argument on the Plaintiffs' motion was heard on July 28, 1989. Both motions were considered fully submitted on July 28, 1989.

Discussion

A. Motion for Reargument
A court should grant a motion to reargue under Local Rule 3(j) only if the moving party presents matters or controlling decisions the court overlooked that might materially have influenced the earlier decision. See Gibson v. American Broadcasting Cos., Inc., 700 F.Supp. 707, 708 (S.D.N.Y.1988); Ruiz v. Commissioner of DOT, 687 F.Supp. 888, 890 (S.D.N.Y.), aff'd, 858 F.2d 898 (2d Cir.1988). The rule's purpose is to "dissuade repetitive arguments on issues that have already been considered fully by the court." Caleb & Co. v. E.I. DuPont De Nemours & Co., 624 F.Supp. 747, 748 (S.D.N.Y.1985). A party should not treat a motion to reargue as a substitute for appealing from a final judgment. See Korwek v. Hunt, 649 F.Supp. 1547, 1548 (S.D.N.Y.1986), aff'd, 827 F.2d 874 (2d Cir.1987).
Pursuant to these standards, the NBC Defendants' motion for reargument is granted. The NBC Defendants have identified several ambiguities in the Opinion that warrant reargument for purposes of clarification.

B. Amendments Regarding the Opinion's Findings of Fact
The Opinion contained several statements that the NBC Defendants contend could be interpreted as "findings of fact" constituting law of the case. These include:
"[a] total of eight separate vidiotapes were submitted" to the NBC Defendants (Opinion at 747);
"Novak ... obtained a valid copyright # PAU 7809H." (Opinion at 747);
"Novak and Studer have established that the defendants had access to their work." (Opinion at 749);
"[A]ccess to the copyrighted material has been established...." (Opinion at 750); and
"Novak ... has worked in the entertainment industry for more than twenty years as an award-winning writer, producer and performer, a show business historian and lecturer, and former national magazine editor." (Opinion at 746).
The NBC Defendants note that the defendants moved for summary judgment prior to answering the complaint or to obtaining discovery and that they conceded the facts quoted above solely for purposes of the summary judgment motions to focus on the essential question at issue  the substantial similarity of the works. The court recited those facts to put the summary judgment motions in context, and they do not constitute formal findings of fact binding on the parties for the remainder of the litigation.

C. Summary Judgment on the Remaining Copyright Claim
The Opinion denied the NBC Defendants' summary judgment motion to the extent a genuine issue of fact remained regarding the substantial similarity of the two gangster skits, stating: "Although Novak and Studer cannot appropriate all pervasive use of the `black box,' comedic or otherwise, a question of fact remains as to whether the use of the black box by the NBC defendants is substantially similar to the use described in the Novak and Studer script." *144 Opinion at 753. The Opinion also limited the copyright infringement claim to the Plaintiffs' script, finding that their copyright did not extend to the "Video Vault" performance. See Opinion at 750-51.
In their motion for reargument, the NBC Defendants contend that it is unclear from the Opinion whether the court viewed the allegedly infringing SNL "Gangster" performance  or any of the other performances at issue. The confusion appears to have been created by the following passages in the Opinion:
The scripts of the SNL and "Off the Wall" performances are annexed hereto as Appendix B. A partial comparison of the expression of the scripts is annexed hereto as Appendix C. No comparison has been made between the entire "Video Vault" demo and the SNL and "Off the Wall" performances because Novak's copyright is limited to the scripts.
A comparison of the scripts (Appendix A & B) reveals the following....
Opinion at 747. In fact, no appendixes were attached to the Opinion. Moreover, although the record contained the Plaintiffs' scripts and comparisons with the allegedly infringing material, no SNL or "Off the Wall" scripts appeared in the record. The Opinion's references to SNL or "Off the Wall" "scripts" were an error, and they hereby are removed from the Opinion.
The NBC Defendants have renewed their motion for summary judgment dismissing the remaining copyright infringement claim, in the event that the court failed to view the allegedly infringing performances. Despite the apparent confusion, however, the Opinion's rulings on the summary judgment motions in fact were based upon a viewing of the video tapes containing the allegedly infringing SNL and "Off the Wall" performances and a comparison of those performances with the Plaintiffs' scripts. Accordingly, the NBC Defendants' renewed motion for summary judgment is denied.

D. Dismissal of Studer From the Action
The NBC Defendants contend that the court overlooked controlling authority by allowing Studer to remain in the action after the Opinion dismissed all causes of action, except for one copyright infringement claim. According to the NBC Defendants:
The complaint which was filed on behalf of both Novak and Studer unequivocally alleges  and judicially admits as against Novak and Studer  that "Novak is the sole and exclusive legal owner of the copyrights to the Video Vaults...." Complaint ¶ 20.... Studer has thus judicially admitted that she has no ownership interests in the video vaults whatsoever. What is more, the copyright registration ... is in Novak's name only. ... [I]n granting Studer leave to join in the replead copyright claim regarding the Gangster skit, the Court may have overlooked controlling authority that holds that some form of ownership interest is a prerequisite to a copyright claim.
Defs. Mem. of Law at 13 (emphasis in original) (citations omitted).
In their papers opposing the motion to dismiss Studer from the action, the Plaintiffs contend:
Writer, performer and actress Debra Studer has worked professionally with her partner Novak for more than ten years. As stated in all of the plaintiffs' previous papers, Studer is a co-author of all of the "Video Vault" episodes, as well as all of the plaintiffs' creative material, all of which was created by the collaboration of Novak and Studer. The creation, writing and performing of the "Video Vault" sketches are a cooperative culmination of concepts and characters developed over years of working together on stage and on television and in night clubs.
Plaintiffs' Mem. in Opp. at 7-8; see also Proposed Amended Complaint ¶ 15 ("The `Video Vault' segments were entirely imaginary and were the independent and original creation of Novak and Studer....).
Although Novak has registered the copyright in his name only, Proposed Amended Complaint Ex. A, Studer has alleged an *145 ownership interest in the copyrighted material sufficient to permit her to remain as a plaintiff in the action. In a similar context, the Ninth Circuit held:
If a work is a product of joint authorship, each co-author automatically becomes a holder of an undivided interest in the whole. 1 Nimmer On Copyright § 69 (1976). There is abundant evidence in support of the finding that Hammer coauthored "Whatever Happens." When LeBlanc secured copyright for the composition ... in his and Pye's names only he did not divest Hammer of her interest in the music she had co-authored. In a similar situation where the defendant and plaintiff jointly `conceived, compiled, and created' a book and its parts for which defendant had obtained the related copyrights in her name only, this circuit found that the defendant held the copyright in trust for the co-author-plaintiff. Likewise, LeBlanc and Pye held the copyright in trust for Hammer.
United States v. Rojas, 574 F.2d 476, 480 (9th Cir.1978) (citing Manning v. Miller Music Corp., 174 F.Supp. 192, 195 (S.D.N. Y.1959)); cf. Cortner v. Israel, 732 F.2d 267, 270-71 (2d Cir.1984).
Thus, the NBC Defendants' motion to dismiss Studer from the action is denied.

E. Motion to Supplement the Complaint
The Plaintiffs have moved pursuant to Rule 15(a) to amend their complaint to reflect the holdings set forth in the Opinion and to include two additional claims arising out of NBC's broadcast of a SNL skit concerning a "Fifth Beatle" on October 15, 1988 and its re-broadcast of the same skit on December 31, 1988. Rule 15(a), Fed.R. Civ.P., provides: "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." To the extent the amendments conform the complaint to the Opinion, they are granted.
The motion to amend the complaint to include additional copyright claims involves events that happened after the Plaintiffs filed their original complaint. Accordingly, it is more appropriately brought as a motion to supplement the pleadings pursuant to Rule 15(d), Fed.R.Civ.P., which provides: "Upon motion of the party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."
Although Rule 15(d) does not include Rule 15(a)'s mandate that leave to amend be freely given when justice so requires, the same standards apply to motions under both these subdivisions of Rule 15. See Forbes & Wallace, Inc. v. Chase Manhattan Bank, 79 F.R.D. 563, 564 (S.D. N.Y.1978). Thus, leave to supplement should be freely granted "[i]n the absence of any apparent or declared reason  such as undue delay, bad faith or dilatory motive on the part of the movant...." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 240, 9 L.Ed.2d 222 (1962).
The complaint describes the alleged infringement as follows:
In the case of both the plaintiffs' original "Video Vault" Fifth Beatle sketch and the defendants' infringing sketch about the Five Beatles, both sketches revolve around an interview and a flashback to black and white. While these concepts may be considered as generally accepted, the combination of these elements  as opposed to any other alternative setting or situation  are dramatic and technical devices and expressions found in the plaintiffs' copyrighted "Video Vault" scripts. As opposed to the list of other legendary and historic figures who, through the years and through their various associations with the Beatles, have come to be referred to as honorary "fifth Beatles" (i.e. Murray the K, Yoko Ono, Billy Preston, etc.), or former Beatles drummer Pete Best who was one of the original four and later replaced, the character in both the plaintiffs' sketch and the defendants' infringing sketch claims to have actually been, and indeed, was, a member  a fifth member *146  of the Beatles. In addition, both characters, through similar dramatic narrative or dialogue, claim to have played, and indeed, did play, an incongruous, non-rock instrument while they were a member of the group  the plaintiffs' original character played the oboe, the character in the defendants' infringing sketch played the trombone. And both the plaintiffs' character and the character in the defendants' infringing sketch claim to have been thrown out of the group. These elements  a man who was an actual fifth member of the Beatles foursome, who played an odd, ill-fitting musical instrument, who was thrown out of the group and who has his story told in black and white flashback, and other elements as well, found in the defendants' infringing sketch are original dramatic, narrative, comedic and technical devices and expressions found in the plaintiffs' copyrighted "Video Vault" scripts.
Proposed Amended Complaint ¶ 32.
The NBC Defendants oppose adding the two "Fifth Beatle" claims, noting that the Opinion "already held that Novak and Studer may not monopolize the idea of an interview with a `Fifth Beatle.'" Mem. in Opp. to Motion to Amend at 4. However, this contention states the Opinion's holding too narrowly. After detailing the ways in which the allegedly infringing sketch differed from the Plaintiffs' script, the Opinion said: "Other than the common idea of having an interview with someone referred to as the `Fifth Beatle,' the two sketches are not substantially similar." Opinion at 753 (emphasis added). The proposed amended complaint details several other similarities  too many for the amendment to be deemed "futile" at this stage. Accordingly, leave is granted for the Plaintiffs to amend the complaint to include two additional claims for copyright infringement.

F. Adding Additional Defendants and Extending the Time to Serve Novello
The NBC Defendants state that they "have no well-grounded legal objection to the plaintiffs' requests to add NBC Productions as a defendant and to extend the life of the summons issued to Novello, if this action proceeds." Id. at 4. Absent opposition, the Plaintiffs' requested relief is granted.

Conclusion
For the reasons set forth above, the NBC Defendants' motion for reargument is granted and, upon reargument, their requested relief is granted in part and denied in part and the Plaintiffs, motion is granted. Discovery will be completed by December 13, 1989 and a pre-trial order will be submitted by December 20, 1989. Settle order on notice.
It is so ordered.