H. SAND & CO., INC., Plaintiff,

v.

AIRTEMP CORPORATION, Defendant.

No. 83 Civ. 5722 (IBC).

United States District Court,
S.D. New York.

Aug. 30, 1990.

Berman, Paley, Goldstein & Berman (Stuart Moskovitz, of counsel), New York City, for plaintiff H. Sand & Co., Inc.

Weissman, Celler, Spett & Modlin (John B. Sherman, of counsel), New York City, for defendant Airtemp Corp.

## MEMORANDUM

IRVING BEN COOPER, District Judge.

Defendant moved for summary judgment, pursuant to Fed.R.Civ.P. 56(b), dismissing plaintiff's amended complaint. Plaintiff opposed defendant's motion; additionally, plaintiff moved for partial summary judgment pursuant to Fed.R.Civ.P. 56(a). In an opinion dated May 30, 1990, we granted defendant's motion for summary judgment and dismissed as moot plaintiff's motion for partial summary judg-ment. *H. Sand & Co., Inc. v. Airtemp Corp.*, 738 F.Supp. 760 (S.D.N.Y.1990) ("the May 30 Opinion"). Plaintiff timely moved for reargument of the May 30 Opinion pursuant to Rule 3(j) of the Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 3(j)"). Defendant opposes the motion.

The facts of this case are set forth at length in the May 30 Opinion; familiarity with them is assumed.

## DISCUSSION

### *Reargument*

Local Rule 3(j) provides, in pertinent part, that "[t]here shall be served with the notice of motion [for reargument] a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has *overlooked.*" (emphasis ours).

The standards governing motions for reargument are well established: they are to be granted only under limited circumstances. The "only proper ground on which a party may move to reargue an unambiguous order is that the court overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court." *Brignoli v. Balch Hardy & Scheinman, Inc.*, 735 F.Supp. 100, 101 (S.D.N.Y.1990) (quoting *Adams v. United States*, 686 F.Supp. 417, 418 (S.D.N.Y. 1988)). "Alternatively, the moving party may establish that the court failed to consider 'factual matters that were put before the court on the underlying motion.'" *The Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 739 F.Supp. 209, 211 (S.D.N.Y.1990) (quoting *Ashley Meadows Farm, Inc. v. American Horse Shows Ass'n, Inc.*, 624 F.Supp. 856, 857 (S.D.N.Y.1985). *See also Suggs v. Capital Cities/ ABC, Inc.*, 122 F.R.D. 430, 432 (S.D.N.Y.1988). "The standard for granting a motion for reargument is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court." *Ruiz v. Commissioner of D.O.T. of City of New*

*York,* 687 F.Supp. 888, 890 (S.D.N.Y.), *aff'd,* 858 F.2d 898 (2d Cir.1988); *B.A.M. Brokerage Corp. v. New York,* 724 F.Supp. 146, 147 (S.D.N.Y.1989); *Caleb & Co. v. E.I. DuPont De Nemours & Co.,* 624 F.Supp. 747, 748 (S.D.N.Y.1985). "Motions for reargument will be granted only if the Court overlooked 'matters or controlling decisions' which, if considered by the Court, would have mandated a different result." *Durant v. Traditional Investments Ltd.,* 1990 U.S. Dist. LEXIS 4768 (S.D.N.Y. April 25, 1990). *See also, Ruiz,* 687 F.Supp. at 890; *Caleb,* 624 F.Supp. at 748; *Northberry Concrete Corp. v. The Hartford Ins. Group,* 1990 WL 139638, 1990 U.S. Dist. Lexis 6840 (S.D.N.Y. June 6, 1990).

### 1. Controlling Decisions

In its memorandum in support of its motion for reargument, plaintiff does not claim that we overlooked any controlling decisions in arriving at our conclusion; indeed, plaintiff does not make any attempt to introduce any new controlling law. Plaintiff relies on one case to support its first argument that the fourth refrigeration unit ("Chiller 4") was not delivered until January, 1979. However, we addressed that case, *City of New York v. Pullman, Inc.,* 662 F.2d 910 (2d Cir.1981), in detail in the May 30 Opinion. 738 F.Supp. at 766–69. Also in the May 30 Opinion, we comprehensively discussed and rejected plaintiff's contention as to when Chiller 4 was delivered, for that same argument, which was raised in the supporting papers to plaintiff's motion for reargument, was also raised in plaintiff's memorandum submitted in opposition to defendant's motion for summary judgment. *Id.* at 765–66.

We conclude we cannot grant plaintiff's motion for reargument on "controlling decisions" grounds for the simple reason that no new "controlling decisions" were introduced.

### 2. Factual Matters

Plaintiff asserts "that the Court misunderstood the nature of the March 31, 1978 shipment of Chiller 4." (Plaintiff's Memorandum In Support of Motion For Reargument, 1 ("Plaintiff's Memo")) Plaintiff maintains that this Court "ignore[d] substantial unrefuted evidence submitted by the plaintiff" (Id. at 3), and specifically directs our attention to Exhibits 3, 4, and 5 ("the exhibits") to the Affidavit of Stuart J. Moskovitz In Opposition To Motion By Defendant ("Moskovitz Affidavit") as the evidence that we overlooked when considering the disposition of the earlier motions.

We set out plaintiff's position regarding the delivery of Chiller 4 in our statute of limitations discussion in the May 30 Opinion:

> Sand's first contention is based upon the undisputed fact that the four chillers were shipped to its agent Associated between January and March 1978, *yet chiller #4 was returned to Airtemp in November 1978 because defendant did not conduct a test run of the chiller prior to shipping it.* Chiller #4 was shipped to Sand in January 1979 after it was tested. Thus, plaintiff avers, "tender of delivery" occurred in January 1979. As a result, Sand's cause of action would be saved since it initiated litigation in December 1982, which falls within the four year statute of limitation imposed by the U.C.C.

738 F.Supp. at 765–66 (emphasis ours).

The exhibits were before us prior to the issuance of the May 30 Opinion, and they were all thoroughly considered, explicitly or implicitly, when we made our final determination in the May 30 Opinion. We did not overlook or ignore the exhibits; we rejected plaintiff's argument based on those and other exhibits and supporting documents. Indeed, we would not have been able to recite the above-cited passage had we not considered the exhibits.

Assuming, *arguendo,* that we did fail to consider exhibits 3, 4 and 5 in our determination of the original motions, a review of those exhibits does not lead us to alter our original finding that the four chillers were delivered, and the statute of limitations commenced running, by March, 1978.

Plaintiff's second argument in its moving papers, claiming that defendant failed to establish a genuine issue of material fact, is introduced as follows: "[a]s we explained in our memorandum originally submitted in opposition to defendant's motion for summary judgment...." (Plaintiff's Memo, 8) "A request for reargument is not an occasion to reassert arguments previously raised, but dismissed by the court." *Bozsi Ltd. Partnership v. Lynott*, 676 F.Supp. 505, 509 (S.D.N.Y.1987) (quoting *Morgan Guar. Trust Co. of New York v. Garrett Corp.*, 625 F.Supp. 752, 756 (S.D. N.Y.1986), *aff'd*, 875 F.2d 307 (2d Cir. 1989)). *See also Rosen v. Dick*, 83 F.R.D. 540, 544 (S.D.N.Y.1979), *modified on other grounds*, 639 F.2d 82 (2d Cir.1980). Thus, since plaintiff's second argument was asserted and dismissed in the May 30 Opinion, and since plaintiff introduces no factual matters or controlling decisions that we overlooked in considering the argument the first time, plaintiff cannot reassert that argument on a motion for reargument.

Similarly, plaintiff reasserts a third argument, claiming that summary judgment should have been denied because certain accessories were not delivered with the chillers by March, 1978. (Plaintiff's Memo, 12–13) Plaintiff made the same argument in its original papers; we rejected that argument in the May 30 Opinion. 738 F.Supp. at 766, n. 4 and accompanying text. Again plaintiff offers no factual matters or controlling decisions which we may have overlooked on this issue. Thus, the strict standards governing motions for reargument preclude plaintiff from reasserting the same argument in the present motion.

All the contentions raised by plaintiff in its motion for reargument are reassertions of arguments previously made which we considered and rejected in the May 30 Opinion; plaintiff has shown us no reason why we should reconsider them.

In its moving papers, plaintiff has critiqued various portions of the Opinion, rephrased its arguments, bolstered the weak portions of its presentation, and reintroduced exhibits that we had considered in our disposition of the original motions.

Plaintiff does not make any attempt at all to show new controlling law or factual matters, but merely engages in a legal re-argument on the merits of the precise claims that we decided in the May 30 Opinion. *See Weissman v. Fruchtman*, 124 F.R.D. 559, 560 (S.D.N.Y.1989).

CONCLUSION

Plaintiff does not introduce any matters or controlling decisions in its motion for reargument that would require us to modify the May 30 Opinion. Additionally, and glaringly, plaintiff does not cite any authority for its assertion that its motion for reargument is proper in this instance. We conclude that it is not. Accordingly, we are constrained to, and do, deny plaintiff's motion for reargument of this Court's May 30 Opinion.

SO ORDERED.