Teresa **HARDRICK**, Plaintiff,

v.

**LEGAL SERVICES CORPORATION,**
Defendant.

Civ. A. No. 81–3137.

United States District Court,
District of Columbia.

Feb. 3, 1983.

Gregory C. Mitchell, Maureen M. Dwyer, Washington, D.C., for plaintiff.

Michael B. Trister, Steven B. Liss, Abourezk, Sobol & Trister, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

ARTHUR L. BURNETT, United States Magistrate.

Before the Magistrate is plaintiff's motion to compel defendant's answers to plaintiff's interrogatories, filed December 27, 1982, accompanied by plaintiff's memorandum of points and authorities in support thereof. Plaintiff seeks to compel answers to interrogatories numbers 2, 3, 4, 7, 8, 9, 10, 11, 14, 15, 16, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 33, 38, 39, 52, 57, 58 and 59. On January 17, 1983 the defendant filed its points and authorities in opposition to plaintiff's motion.

■ The Magistrate has reviewed the entire court file. Plaintiff's interrogatories seek discovery concerning the entire scope of the defendant's personnel practices and procedures for the entire corporation from January 1, 1976 to the present time. But the Magistrate has discerned from an examination of the court file no indication that plaintiff's claim in any way involves how applicants are treated, the corporation's hiring practices, the administering of tests for hiring or promotions, the pay rates established and how they are administered, or other practices and procedures which are the subjects of many of the interrogatories at issue. Nor does there appear any justification for exploring the personnel practices and procedures of the corporation for the years 1976, 1977, 1978 and 1979. In this case plaintiff has alleged disparate treatment in the terms and conditions of her employment in 1980 and 1981 and with respect to her termination on April 1, 1981. While Rule 26 permits discovery not only of matters which may be relevant and admissible at trial, but also of matters which may lead to admissible evidence, and courts in the past have stated that the rules should be broadly and liberally construed, more recently courts have become concerned about "fishing expeditions", discovery abuse and inordinate expense involved in overbroad and far-ranging discovery requests. Thus, discovery should be tailored to the issues involved in the particular case. Compare Rule 26(f), Federal Rules of Civil Procedure, providing for discovery conferences. This is so even in a case involving allegations of race discrimination, and while claims of disparate treatment, of necessity, require discovery of how others have been treated, it should be reasonably related to

the circumstances involved in the alleged discrimination and to a time frame involving the alleged discriminatory conduct and the individuals who are allegedly involved in that conduct. Thus, the Magistrate is persuaded by the authorities cited by the defendant which indicate that discovery in Title VII cases involving highly individualized claims of discriminatory treatment should be restricted to the practices at issue in the case, applied to employees in similar circumstances to determine if the employer treats *all* of its employees under those circumstances in the same manner, or whether it treats employees similarly circumstanced differently and there is some basis for concluding that the difference in treatment is predicated on race, sex or some other prohibited grounds of unlawful discrimination. See, e.g. *O'Neal v. Riceland Foods,* 684 F.2d 577 (8th Cir.1982); *Saltzman v. Fullerton Metals Co.,* 661 F.2d 647, 654 (7th Cir.1981); *Johnson v. Southern Railway Co.,* 25 FEP Cases 714, 720 (N.D.Ga.1977); *Logan v. General Fireproofing Co.,* 2 FEP Cases 388, 391 (W.D.N.C.1970).

[2] For the foregoing reasons, plaintiff's motion to compel is hereby DENIED, except as follows. The defendant shall submit a supplemental answer to interrogatory number 2 limited to the time period of January 1, 1980 to December 31, 1981 and to the defendant's Office of Field Services, in which the plaintiff was employed, and to interrogatory number 3(e) limited by the scope of the answer required to interrogatory number 2. The defendant shall also submit a supplemental answer to interrogatory number 57 limited to the time period of January 1, 1980 to December 31, 1981 and to the Office of Field Services. The supplemental answers shall be submitted no later than February 28, 1983.

[3] Defendant has requested that it be awarded its costs, including attorney's fees, pursuant to Rule 37(a)(4), Federal Rules of Civil Procedure, in connection with opposing plaintiff's motion to compel. It has asserted that plaintiff's motion to compel is "substantially unjustified in light of the facts of this case." Defendant has describ-

ed in exceptional detail the discovery it has furnished to date, and has argued that after a year of such extensive discovery, it should have been clear that the interrogatories "were patently irrelevant to the issues" in this case. The Magistrate agrees. Further, the Magistrate is also more than convinced that the interrogatories in the case were, without question, overbroad and unduly burdensome, seeking discovery which would have explored every facet of the defendant's personnel practices and procedures, from January 1, 1976 to the present time, commencing with its recruiting and hiring practices, which are not even remotely involved in the facts of this case. The facts of this case did not justify such far-ranging interrogatories and the motion to compel was even more unjustified. Accordingly, the Magistrate concludes that the defendant is entitled to an award of its costs, including attorney's fees, in opposing the motion to compel. Counsel for the defendant may submit an appropriate affidavit or affidavits, and should plaintiff question the amount asserted, an opportunity for a hearing will be afforded, prior to entry of any Order under Rule 37(a)(4), Federal Rules of Civil Procedure.