**Peggie Porter SILVA, formerly known as Peggie Porter, Plaintiff,**

v.

**FIRE INSURANCE EXCHANGE, Defendant.**

**No. CV 85–13–M–CCL.**

United States District Court, D. Montana, Missoula Division.

Nov. 14, 1986.

See also, D.C., 647 F.Supp. 1397.

Lon J. Dale, Milodragovich, Dale & Dye, Missoula, Mont., for plaintiff.

Donald Murray, Murphy, Robinson, Heckathorn & Phillips, Kalispell, Mont., for defendant.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

This matter is before the Court on plaintiff's motion to compel production of certain documents in defendant's possession pursuant to Rule 37, Fed.R.Civ.P. The motion has been briefed and argued. Additionally, defendant has submitted the documents in question to the Court for its in camera inspection.

The instant discovery dispute arises out of plaintiff's request that defendant produce its complete claims file concerning her fire insurance claim. Defendant responded to that request by producing various documents. Defendant refused, however, to produce 52 enumerated items.

Defendant states it withheld these 52 documents on one of two grounds: (1) attorney-client privilege; or (2) irrelevance to plaintiff's bad faith claim. Defendant indicates that it withheld all attorney-client communications generated between March 10, 1984 (the date fire destroyed the insured premises) and November 23, 1984 (the date on which defendant paid plaintiff's insurance claim). Defendant also withheld all correspondence generated after the date of payment of plaintiff's claim.

■ This Court has recently ruled that a plaintiff in a first-party bad faith action is entitled to discover the entire claims file kept by the insurer. *In re Bergeson, et al.,* 112 F.R.D. 692, 697 (1986). Under ordinary circumstances, a first-party bad faith claim can be proved only by showing the manner in which the claim was processed, and the claims file contains the sole source of much of the needed information. *See Brown v. Superior Court in and for Maricopa County,* 137 Ariz. 327, 670 P.2d 725, 734 (1983).

■ The time-worn claims of work product and attorney-client privilege cannot be

invoked to the insurance company's benefit where the only issue in the case is whether the company breached its duty of good faith in processing the insured's claim. Under extraordinary circumstances, and upon a particularized showing of good cause, the Court will entertain a motion for protective order to preclude the dissemination of particular information contained in the file. In the absence of such an exception, the general rule in cases of this nature should be that the plaintiff is absolutely entitled to discovery of the claims file.

For these reasons,

IT IS ORDERED that plaintiff's motion to compel production, filed December 17, 1985, is GRANTED.

IT IS FURTHER ORDERED that the defendant shall have five (5) days within which to deliver the claims file to plaintiff for inspection and copying and to file any motions for protective order to prevent dissemination of information in the file. If such a motion is filed, counsel for plaintiff shall not divulge the contents of the claims file to anyone, including the plaintiff herself, pending the Court's ruling.