**Tony AVIRGAN and Martha Honey, Plaintiffs,**

v.

**John HULL, et al., Defendants.**

**No. 86–1146–Civ–King.**

United States District Court,
S.D. Florida,
Miami Division.

July 30, 1987.

The Christic Institute, Washington, D.C., David A. Snyder, Miami, Fla., for plaintiffs.

Robert F. Garcia-Esquerro, Coral Gables, Fla., Alley, Maass, Roger, S. Lindsay & Chauncey, Palm Beach, Fla., by George P. Ord, Zuckerman, Spaeder, Taylor & Evans, Coral Gables, Fla., by John F. Evans, Law Offices of John P. Sears, Philip J. Hare, Washington, D.C., Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A. by Curtis Carlson, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, Fla., by Michael S. Olin, for defendants.

## ORDER ESTABLISHING LIMITATIONS AND GUIDELINES FOR DISCOVERY

JAMES LAWRENCE KING, Chief Judge.

THIS CAUSE arises before the court upon several motions for protective order and the plaintiffs' opposition thereto. A hearing was held on July 27, 1987, in the above-styled cause, and the issues raised in the motion for protective order were addressed.

Defendant Shackley has moved for a protective order in response to the plaintiffs' first requests for production of documents and admissions. Defendant Shackley [joined at the hearing by several other defendants and referred to herein as defendants] objects to the plaintiffs' requests as beyond the scope of any arguably relevant discovery, as burdensome and oppressive, and as calling for confidential business information. After hearing argument on the issue of the appropriate scope of discovery at this stage of the litigation, it is apparent to the court that guidelines are necessary in order to establish the proper scope of discovery. Given the circumstances of this case and the far-ranging scope of discovery so far requested, limiting discovery to the issues clearly related to the central allegations of the complaint and a time frame reasonably related to those allegations is appropriate. *See, Hardrick v. Legal Services Corporation,* 96 F.R.D. 617 (D.C.D.C. 1983). In establishing fitting parameters for discovery at this stage of the proceedings, the court does not bar the plaintiff from hereafter requesting discovery beyond the framework established herein, upon proper showing of need, relevance, and reasonableness.

The elements critical in establishing the plaintiffs' case center around (1) the establishment of an enterprise; (2) proof of whether the defendants joined the enterprise by engaging in the commission of a pattern of racketeering activity in furtherance of the goals and purpose of the enterprise; and (3) proof that the defendants were part of a conspiracy to violate 18 U.S.C. § 1962 by agreeing to participate in the enterprise and participating in the enterprise through the commission of two or more predicate acts. Discovery will be initially limited to subject matter which is directly relevant to these essential elements of the plaintiffs' case. Accordingly, the pending requests for production of documents and requests for admissions shall be confined to documents related to and arising from the following subject matter limitations:

(1) Central America;

(2) the purchase or sale of military equipment, weapons or explosives supplied or to be supplied to one of the Central American countries or to persons operating in those countries;

(3) transactions in illegal drugs, including the receipt and disposition of income therefrom;

(4) the creation and operation of the Neutrality Act enterprise alleged in the amended complaint;

(5) any actions taken by any of the defendants, including but not limited to the La Penca bombing, resulting in or causing injury to the plaintiffs.

An essential element of the federal RICO statute, under which this suit is brought, is that each defendant engaged in a pattern of racketeering activity through the commission of two or more predicate acts. 18 U.S.C. § 1961 et seq. These acts of racketeering activity must occur within a ten-year time frame, one of which must occur after the effective date of the statute. 18 U.S.C. § 1961(5). Thus, the RICO statute itself establishes time limits within which the plaintiff can establish the racketeering acts necessary to meet the pattern element. If the plaintiff establishes that the requisite predicate acts occurred within a specified time frame (such as May 1983 through the filing of the complaint), there is no logical need to permit discovery into predicate acts alleged to have occurred ten or fifteen years ago. A time limitation is appropriate at this stage of the proceedings. The initial limitation shall be from December 1982, six months before the alleged overt acts initially creating the alleged conspiracy until November 29, 1986, or six months after the filing of the complaint.

Additionally, the court finds that the defendants need not produce documents showing sources of income and tax returns, other than those documents relating to income derived from illegal drug sales and the sale, or involvement therein, of military equipment, weapons or explosives, if any. The records relating to income other than that specified herein shall not be subject to discovery unless the plaintiffs can first establish the existence of an "enterprise" and that the enterprise was joined by the defendant from whom such discovery is sought. It is therefore

ORDERED, ADJUDGED and DECREED that the parties conduct discovery in accordance with the limitations set forth herein.