**Willie Kathryn SUGGS, Plaintiff,**

v.

**CAPITAL CITIES/ABC, INC., American Broadcasting Companies, Inc., and ABC NEWS–TV, Defendants.**

**No. 86 Civ. 2774 (JMW).**

United States District Court,
S.D. New York.

June 9, 1988.

Warren J. Bennia, New York City, for plaintiff.

Philip M. Berkowitz, Epstein Becker & Green, P.C., New York City, for defendants.

### MEMORANDUM AND ORDER

WALKER, District Judge:

Plaintiff Willie Kathryn Suggs brought this action pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 alleging that defendants ("ABC") did not promote her to the position of staff field producer because of her race. To expedite discovery in this case, the Court referred certain discovery disputes to a magistrate for resolution. This case is back before the Court on ABC's objections to a ruling by Magistrate Dolinger ordering ABC to produce post-promotion evaluations of individuals promoted to field producer and information concerning non-field producer positions.[1] For the reasons stat-

---

**1.** In evaluating the merit of these objections, the Court may only reverse the decision of Magistrate Dolinger if the Court finds his ruling to be

ed herein, the magistrate's order must be modified insofar as it requires the production of information regarding non-field producer jobs.

■ ABC objects to producing post-promotion field producer evaluations on the ground that only evidence concerning pre-promotion qualifications is relevant in determining whether Suggs was passed over for promotion for an improper purpose. ABC argues that post-promotion evaluations will only show if ABC could accurately predict who would be best as field producer. While ABC's efficacy in predicting future job performance is clearly irrelevant, ABC overlooks the possibility that post-promotion evaluations may clarify what was expected of a particular employee when he or she was promoted. For example, an evaluation statement such as "Smith has not demonstrated the foreign policy expertise his resume had led us to expect" shows that Smith's foreign policy experience was relied upon in deciding to promote him in the first place.

ABC cites *Crawford v. Western Electric Co. Inc.*, 745 F.2d 1373 (11th Cir.1984), to support its claim that post-promotion evaluations are irrelevant in the employment discrimination context. *Crawford*, however, held only that an employer's testimony regarding post-promotion incidents of a non-promoted employee are irrelevant. It did not hold, nor does it follow logically, that post-promotion evaluations of promoted employees are irrelevant to pre-promotion justifications for promotion.

For the foregoing reasons, Magistrate Dolinger's order requiring production of "all documents containing post-promotion evaluations of the individuals promoted to field producer" is affirmed.

ABC also objects to producing personnel data and payroll information concerning non-field producer positions, arguing that information about other positions is irrelevant since Suggs claims she was discriminatorily denied the position of staff field producer. Magistrate Dolinger ordered

production of such information because "[t]he complaint alleges denial of promotion to those positions and it appears, as well, that defendants may contend that plaintiff's lack of experience in these jobs justifies ... the refusal to promote her to the field producer slot." Order of Magistrate Dolinger dated Feb. 22, 1988, at 2 n. 1.

Although the complaint does allege that less qualified individuals were assigned to vacation relief field producer and newswriter/producer positions,[2] Suggs does not seek these jobs. The complaint prays only for a permanent injunction ordering ABC to assign Suggs to a staff field producer position. It is well settled that:

> discovery in Title VII cases involving highly individualized claims of discriminatory treatment should be restricted to the practices at issue in the case, applied to employees in similar circumstances to determine if the employer treats *all* of its employees under those circumstances in the same manner, or whether it treats employees similarly circumstanced differently and there is some basis for concluding that the difference in treatment is predicated on race, sex or some other grounds of unlawful discrimination.

*Hardrick v. Legal Services Corp.*, 96 F.R. D. 617, 619 (D.D.C.1983).

■ While ABC may argue that Suggs lacked enough experience to be promoted, such an argument does not necessitate the discovery requested here. To determine if less qualified persons were promoted over Suggs to staff field producer positions, she need only compare her qualification with those of the individuals promoted. Evidence concerning those in non-field producer positions is irrelevant. It is only relevant if those in field producer positions lacked the requisite experience, if any exists, when they were promoted. Personnel data and payroll information of non-field producer positions is not relevant to rebutting the alleged lack of experience.

"clearly erroneous or contrary to law." 28 U.S. C. § 636(b)(1)(A).

**2.** Complaint, ¶ 12.

Thus, because the Court fails to see the relevance of the requested information, the Court concludes that the decision of the magistrate must be reversed as "clearly erroneous." Accordingly, Magistrate Dolinger's order is REVERSED to the extent that it requires the production of information concerning non-field producer positions.

SO ORDERED.

### On Motion For Reargument

Plaintiff Willie Kathryn Suggs ("Suggs") brings this motion for reargument pursuant to Local Rule 3(j) of the Civil Rules for the Southern District of New York and Rules 59(e) and 60 of the Fed.R.Civ.P. On June 9, 1988, this Court modified Magistrate Dolinger's February 22, 1988, order concerning the scope of discovery between the parties. Plaintiff seeks reargument of that part of this Court's order which denied Suggs' discovery concerning "vacation relief field producer and newswriter/producer positions." For the reasons stated below, plaintiff's motion for reargument is denied.

Suggs has failed to make a showing entitling her to reargument. Under Local Rule 3(j), a party seeking reargument must "set forth concisely the matters or controlling decisions which counsel believes the court has overlooked." In addition, Suggs must demonstrate that the Court overlooked " 'controlling decisions' ... that properly bore on the original opinion and that might reasonably be expected to have altered the outcome had they been considered at the time of decision." *Bozzi Limited Partnership v. Lynott,* 676 F.Supp. 505, 509 (S.D.N.Y.1987); *Caleb & Co. v. E.I. Dupont de Nemours & Co.,* 624 F.Supp. 747 (S.D.N.Y.1985); *New York Guardian Mortgagee Corp. v. Cleland,* 473 F.Supp. 409, 420 (S.D.N.Y.1979). Alternatively, Suggs may show that the Court failed to consider other "factual matters that were put before the court on the underlying motion." *Ashley Meadows Farm, Inc. v. American Horse Shows Ass'n. Inc.,* 624 F.Supp. 856, 857 (S.D.N.Y.1985).

Suggs has failed to satisfy these straightforward requirements. Rather, she merely disagrees with the Court that *Hardrick v. Legal Services Corp.,* 96 F.R.D. 617 (D.D.C.1983), precludes the discovery of the documents she seeks. In addition, Suggs argues that the pleadings should be "liberally construed to include alternative grounds for relief." [1] This argument does not satisfy the requirements of Rule 3(j) and fails to persuade the Court that the information Suggs is seeking is relevant to her case.

Suggs also moves to reargue under Rules 59(e) and 60 of the Fed.R.Civ.P. The decision to grant a motion to reargue under Rule 59(e), is within the sound discretion of the court. Wright and Miller, *Federal Practice and Procedure: Civil* § 2803. The Court declines to exercise its discretion in favor of Suggs for the reasons stated above. Rule 60 calls for relief from a judgment or order if there has been (a) clerical mistakes or (b) other mistakes, inadvertence, or excusable neglect. Although Rule 60 is to be liberally construed, it is not applicable to the case at bar. The facts presented do not demonstrate clerical error or any other mistake or neglect as defined by the Rules.

Accordingly, Suggs' motion to reargue is denied. However, the Court notes that its Order of June 9, 1988, rejecting plaintiff's argument that certain documents were relevant, was without prejudice to renewal upon a proper showing of relevancy.

SO ORDERED.

---

**1.** Memorandum of Law in Support of Plaintiff's Motion for Reargument, ¶ 5. The Court's order of June 9, 1988, noted that Suggs' complaint did not request appointment to the positions of "va-

cation relief producer or newswriter/producer" although Suggs moved for production of those documents. *Memorandum and Order,* ¶ 6.