Ava R. WALTERS, Plaintiff,

v.

**STATE FARM MUTUAL AUTO INSURANCE COMPANY,** Defendant.

**No. CV 89–82–M–CCL.**

United States District Court,
D. Montana,
Missoula Division.

July 26, 1990.

Frank B. Morrison, Jr., Helena, Mont., for plaintiff.

William Conklin, Great Falls, Mont., for defendant.

## OPINION AND ORDER

LOVELL, District Judge.

This case is before the court on Plaintiff Ava R. Walters' (Walters) motion to compel production of documents pursuant to Rule 37(a)(2) F.R.Civ.P.

## BACKGROUND

Walters filed this action in 1989, alleging that Defendant State Farm Mutual Auto Insurance Company (State Farm) acted in bad faith when it handled Walters's insurance claim against State Farm's insured, Harold Hanson. The underlying claim arose out of an automobile accident which occurred on December 23, 1985. Walters filed a claim with State Farm that same month.

Negotiations continued until October of 1986, when State Farm first learned, through a demand letter, that Walters was represented by an attorney. Walters filed suit against Harold Hanson on November 27, 1987. The suit settled, five days before it was set to go to trial, in May of 1989,

when State Farm offered an amount nearly equal to that which Walters had originally sought in his demand letter to State Farm.

Walters has asked State Farm to produce its entire claim file on Harold Hanson; any correspondence between State Farm, Harold Hanson, and the attorneys of either individual; and State Farm's complete file on Walters' damages claim against Harold Hanson. State Farm responds that the requested material can be grouped into four categories: (1) materials State Farm believes are irrelevant because they involve the first-party claims of Harold Hanson, (2) copies of Plaintiff's medical reports and medical bills, which State Farm is willing to produce immediately, (3) documents which constitute "ordinary" work product, such as witness statements, and (4) documents which either contain "opinion" work product or are privileged communications between attorney and client. Because State Farm objects to producing all but the second category, the court addresses the remaining categories in turn.

## DISCUSSION

*Irrelevant Materials*

■ The rules of discovery are interpreted liberally, and often require parties to produce documents which may ultimately be inadmissible at trial. As long as the items are those which "are reasonably calculated to lead to the discovery of admissible evidence," the items are not protected under an objection of irrelevance. Rule 26(b)(1) F.R.Civ.P. All of the items Walters requests are related to the sole issue in this litigation claim—whether State Farm handled Walters' claim in good faith. The court is not persuaded by State Farm's argument, and instructs State Farm to produce all documents objected to on the basis of relevance.

*Work Product Doctrine*

State Farm argues that the requested materials were prepared in anticipation of litigation. Moreover, it states that the materials contain the mental impressions of State Farm's insurance representatives and attorneys, concerning both the underlying and the present litigation. Thus, it argues, those materials are immune from discovery under Rule 26(b)(3).

The federal rules provide a qualified immunity for items that involve the work product of a party's attorney or other representative. The rule defines "other representative" to include insurers and agents. Rule 26(b)(3) F.R.Civ.P. In analyzing Rule 26(b)(3), courts generally discuss work product on two different levels: ordinary work product, which contains material prepared in anticipation of litigation, and opinion work product, which contains mental impressions and litigation strategy. *Kuiper v. Dist. Court of Eighth Judicial Dist.*, 193 Mont. 452, 632 P.2d 694, 701 (1981).

■ According to Rule 26(b)(3), ordinary work product may not be discovered absent a showing of substantial need and an inability to otherwise obtain the materials without undue hardship. Walters has made such a showing. Bad faith insurance actions, by their very nature,

> can only be proved by showing exactly how the company processed the claim, how thoroughly it was considered and why the company took the action it did. The claims file is a unique, contemporaneously prepared history of the company's handling of the claim; in an action such as this the need for the information in the file is not only substantial, but overwhelming.

*Brown v. Superior Court of County of Maricopa*, 137 Ariz. 327, 670 P.2d 725, 734 (1983). *See also In re Bergeson*, 112 F.R.D. 692, 697 (D.Mont.1986); *Silva v. Fire Ins. Exchange*, 112 F.R.D. 699, 700 (D.Mont.1986). Because examination of the claims files are the only means by which Walters can discover the information necessary to prove her claim, State Farm must produce all documents to which it has objected on the basis of ordinary work product immunity.

■ The second level of work product, "opinion work product," has traditionally received a greater degree of protection. *Kuiper*, 193 Mont. 452, 632 P.2d at 694. In

*Kuiper*, the Montana Supreme Court held that discovery of an attorney's opinion work product should only be allowed when compelled by "weighty considerations of public policy and a proper administration of justice." *Id.*, 193 Mont. 452, 632 P.2d at 702, quoting *In re Murphy*, 560 F.2d 326, 337 (8th Cir.1977).

Several courts have found such a compelling showing when the contents of the opinion work product are directly at issue. *Reavis v. Metro. Property & Liability Ins. Co.*, 117 F.R.D. 160, 164–65 (S.D.Cal.1987); *Handgards, Inc. v. Johnson & Johnson*, 413 F.Supp. 926, 931 (N.D.Cal.1976). As the *Reavis* court pointed out, a bad faith insurance action will naturally involve testimony by the insurer's agents and representatives, and possibly by the representing attorney as well. *Reavis*, 117 F.R.D. at 165. For that reason, "documents reflecting the knowledge, opinions, and conclusions of [those individuals] are discoverable and directly relevant to plaintiff's cause of action." *Id.* Thus, State Farm may not invoke the work product doctrine to protect the requested materials.

*Attorney–Client Privilege*

 State Farm's final objection involves the request for any correspondence between State Farm or Harold Hansen and the attorneys of either individual. According to State Farm, any correspondence in which the individuals sought or received legal advice is absolutely protected from discovery on the basis of the attorney-client privilege. The court agrees. "Communications between client and counsel" are not discoverable, even if the material contained within in them "cannot be discovered from any other source." *Admiral Ins. Co. v. United States Dist. Court*, 881 F.2d 1486, 1495 (9th Cir.1989).

State Farm has offered to allow the court to view *in camera* any documents which it believes to be protected under the attorney-client privilege. Accordingly, the court instructs State Farm to submit those documents to the court for a determination of whether the items are immune from discovery on the basis of attorney-client privilege. The court having determined

that the remaining documents in the file are discoverable,

IT IS HEREBY ORDERED that State Farm shall produce them for the Plaintiff.

The clerk is directed forthwith to notify counsel of entry of this order.