Arthur William MILES

v.

The BOEING COMPANY.

Civ. A. No. 93–3063.

United States District Court,
E.D. Pennsylvania.

March 4, 1994.

Sharon K. Wallis, Philadelphia, PA, for plaintiff.

Paul D. Snitzer, Dechert, Price & Rhoads, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

NAYTHONS, United States Magistrate Judge.

Presently before this Court is the Motion of Plaintiff, Arthur William Miles, to Compel Production of Documents and extend the deadline for discovery, and the Response of Defendant, Boeing Company. The plaintiff has brought this civil action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991, to remedy employment discrimination on the basis of race. The Complaint alleges that plaintiff, Arthur Miles, who is black, was demoted from the position of Hy-

draulic Component Mechanic A in August, 1991, and that he was not selected for an opening in the same position in September, 1991, because of his race. Boeing contends that Miles was removed from the Hydraulic Component Mechanic A position in August, 1991 because of a labor surplus, and that the selection of a white employee, Gerald Chorney, to fill the position in September 1991 was appropriate under its labor contract.

In the present Motion to Compel, plaintiff requests the production of all documents responsive to requests nos. 4, 9, 11, 13, 14, 15, 16, 18, 19 and 21. Boeing has agreed to produce documents responsive to requests nos. 13, 14, 15 and 16. Therefore, they will be produced consistent with the time frame ordered by this Court. However, Boeing filed a motion for a protective order for requests nos. 4, 18 and 19. On March 2, 1994, I granted defendant's motion for a protective order, but found those documents responsive to requests nos. 4, 18 and 19 relevant. Therefore, defendant was ordered to produce them subject to the protective order. Since Boeing agrees to produce Request No. 4 subject to a protective order, they will be required to produce the documents as set forth in the Order by this Court on March 2, 1994.[1]

In addition to its Motion for a Protective Order, Boeing continues to argue that requests nos. 18 and 19 are "overbroad and not likely to lead to the discovery of relevant information." Defendant's Memorandum in Opposition at 3. In Request No. 18, plaintiff has sought documents from Boeing's labor-reporting system that records the number of hours actually worked on each task by an employee from January 1, 1991 to December 31, 1993. *See* Plaintiff's Request No. 18. Request No. 19, plaintiff has sought Operations and Inspection ("O & IR") Records from Boeing's production shop that refurbishes absorbers for military helicopters from January 1, 1991 to December 31, 1991. *See* Plaintiff's Request No. 19. Boeing asserts that the events that gave rise to this

suit occurred in early August and late September of 1991. They contend that production of documents from months other than June through September of 1991 is irrelevant to plaintiff's lawsuit.

*DISCUSSION*

■ The Federal Rules of Civil Procedure provide broad guidelines for discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). Discovery need not be confined to matters of admissible evidence but may encompass that which "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* *See also Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). In addition, "the imposition of unnecessary limitations on discovery is especially to be avoided in Title VII cases," because of the nature of the proofs required to demonstrate unlawful discrimination may often be indirect or circumstantial. *Robbins v. Camden City Bd. of Educ.,* 105 F.R.D. 49, 55 (D.N.J.1985). Nonetheless, the responses sought must comport with the traditional notions of relevancy and must not impose an undue burden on the responding party. *Id.*

■ In Title VII cases, courts have imposed restrictions on discovery as to time period. *Hardrick v. Legal Services Corp.,* 96 F.R.D. 617 (D.D.C.1983). However, the scope of discovery is commonly extended to a reasonable number of years prior to the defendants' alleged illegal action and also for periods after the alleged discrimination. *Clarke v. Mellon Bank,* No. 92–4823, 1993 WL 170950, *2, 1993 U.S.Dist. LEXIS 6680, *5 (E.D.Pa. May 11, 1993). *See e.g., McClain v. Mack Trucks, Inc.,* 85 F.R.D. 53, 63 (E.D.Pa.1979) (five years prior to plaintiff's termination) and *Milner v. National School of Health Tech.,* 73 F.R.D. 628 (E.D.Pa.1977) (two years after termination). Plaintiff requests documents for a period just over two years from the date of plaintiff's

---

1. Request No. 4 requests "Every document identified in Defendant's self-executing discovery response." The only remaining document at issue in this request is Chorney's personnel file. The contents of the personnel file of plaintiff's re-

placement is clearly within the scope of Rule 26(b), and goes to the issue of pretext. *Orbovich v. Macalester College,* 119 F.R.D. 411, 414 (D.Minn.1988).

alleged discrimination. This request is not overly broad and is relevant to show any change in Boeing's labor needs during the alleged discrimination and shortly before and after it. This evidence is likely to lead to the discovery of information that Boeing's stated reason for rejecting plaintiff was a pretext. *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978).

■ Amended Document Request No. 21 requests "every document pertaining to any change in Boeing's manpower requirements for any position in the Hydraulic Family Group (Hydraulic Component Mechanic A and B and Electrical Component Mechanic A and B) from January 1, 1991 to December 31, 1993." Boeing objects to the time frame of this request stating that the relevant time period is from June through September of 1991 and all documents have been produced through that period. The scope of discovery that includes several months prior to and two years after the alleged illegal action is a reasonable request. *See e.g., Clarke, supra; McClain, supra; Milner, supra.* Plaintiff's request is not overly broad and is relevant to show any change in Boeing's labor requirements. It is also relevant to show Boeing's general policy and practice with respect to employment of the protected class and for the computation of lost wages. Accordingly, I find that this information is to be produced by Boeing.

■ Finally, Boeing has objected to requests nos. 9 and 11. In this action, plaintiff is alleging disparate treatment through racial discrimination against black employees. Complaint ¶ 9–10. Plaintiff's "amended" Document Request No. 11 seeks records from 1991 to 1993 with information about the race, grade and job classification of every Production & Maintenance ("P & M") worker at Boeing in Ridley, Pennsylvania. Defendant objects to the relevance of a company-wide discovery consisting of approximately

3000 employees when the absorber shop where plaintiff worked is a small and discrete shop of no more than four people. Plaintiff is not automatically entitled to company-wide discovery, absent a showing of a particularized need and relevance for the requested discovery. *See Welker v. SmithKline Beckman*, No. 89–866, 1989 WL 121894, *1, 1989 U.S.Dist. LEXIS 12207, *3 (E.D.Pa. October 12, 1989) (citing *McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53, 62 (E.D.Pa.1979).

■ Claims of disparate treatment based upon his race require the plaintiff to prove discriminatory motive. *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989).[2] Once a plaintiff establishes a prima facie case of discriminatory motive, an inference of discrimination arises, *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The defendant may rebut this inference with evidence that plaintiff was rejected or the other applicant was chosen, for a legitimate non-discriminatory reason. *Patterson*, 491 U.S. at 186, 109 S.Ct. at 2378. When the defendant presents such a reason, then the plaintiff has the opportunity to demonstrate that the stated reason was a pretext. *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978). It is in the demonstration of pretext that statistics become relevant in the disparate treatment context. *Whack v. Peabody & Wind Engineering Co.*, 595 F.2d 190, 193 (3d Cir.1979).

■ In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668 (1973), the Court suggested that evidence relevant to any showing of pretext might include, *inter alia,* facts regarding the employer's treatment of the complainant during his employment, as well as the employer's general policy and practice with respect to employment of the protected class. 411 U.S. at 804, 93 S.Ct. at 1825.

---

2. In a Title VII case, a plaintiff may establish a prima facie case of discriminatory motive, or racial discrimination, by demonstrating the following: 1) that he belongs to a racial minority; 2) that he applied and was qualified for a job for which the employer was seeking applicants; 3) that, despite his qualifications, he was rejected;

and 4) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of plaintiff's qualifications. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 805, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668 (1973).

Statistical information as to employment policy and practice may be helpful to a determination of whether the employer's treatment of the complainant conformed to a general pattern of discrimination. *Id.* at 805, 93 S.Ct. at 1825. However, discovery must be tailored to the claim of disparate treatment. *Syed v. Director, F.B.I.*, Civil Action No. 90–1801, 1990 WL 259734, *3, 1991 U.S.Dist. LEXIS 1163 *7 (E.D.Pa. January 30, 1991). Thus, it may be appropriate to place parameters on the discovery of statistical and other information. *Robbins,* 105 F.R.D. at 56. Courts have imposed restrictions as to time period, *Hardrick v. Legal Services Corp.*, 96 F.R.D. 617 (D.D.C.1983), the employing facility or work unit of the plaintiff, *McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53 (E.D.Pa. 1979), the job category to which plaintiff belongs, *Hardrick, supra,* at 619, the type of action by which plaintiff was aggrieved such as hiring, promotion, discharge, *McClain, supra,* at 62, and the type of discrimination alleged such as race, age or sex. *See Robbins,* 105 F.R.D. at 62.

In order to prove any discriminatory intent, plaintiff contends that company-wide statistical evidence regarding the progress of blacks in the workforce would support his position that Boeing declared the labor surplus as a pretext to remove Miles from his position because of Mile's race, and replace him with a white employee. Indeed, statistical analysis might well be the only means by which plaintiff could prove an alleged pattern or practice of racial discrimination. Limiting discovery to just the absorber shop, as Boeing suggests, would be too narrow since plaintiff has worked at several P & M jobs at the Ridley facility. However, production of documents shall be limited to promotions at the Ridley facility from the period of January 1, 1991 to December 31, 1993. *See McClain,* 85 F.R.D. at 62.

Document Request No. 9 requests "All correspondence or other documents between Boeing management and Local 1069 relating to the allegations of the Complaint and/or Boeing's claims or defenses in this action." Boeing generally objected that the request was vague because plaintiff's complaint contained allegations that are not relevant to plaintiff's claim that Boeing discriminated against him. Defendants then argued that if plaintiff had amended that request they would have responded that there have been no correspondence or documents exchanged between it and Local 1069 relating to plaintiff's allegations.

I would agree that this request is vague since the complaint originally raises allegations about a second Boeing employee. However, in plaintiff's motion to compel, he mentions extremely specific documents he finds responsive to his request. Plaintiff requests documents regarding the seven day notice of the surplus in the position of Hydraulic Component Mechanic A in August, 1991; documents pertaining to the Union's agreement to extend Chorney's loan to the position of Hydraulic component Mechanic A beyond thirty days; notice of plaintiff's loan to his former position shortly before he was surplussed from the position of Hydraulic Component Mechanic A, and the notice to the Union of the plant shut down in August, 1991. Plaintiff's Motion at 16. I cannot speculate as to why plaintiff did not specifically request these documents originally. However, since this information might reasonably lead to admissible evidence surrounding the employment of Miles and Chorney, an employee similarly situated to the plaintiff, I will allow him to resubmit this request consistent with the documents listed in his motion to compel. *See Vivone v. Acme Markets, Inc. et al.*, 105 F.R.D. 65, 67 (E.D.Pa.1985) (court allowed discovery of similar data where the total number of employees involved in the request exceeded 200). Boeing shall produce or state why it cannot produce those documents after reasonable inquiry.