**Karen COOKSEY, Plaintiff,**

v.

**HILTON INTERNATIONAL COMPANY and Jean–Claude Noel, Defendants.**

No. 93 Civ. 7665 (SS).

United States District Court, S.D. New York.

Sept. 8, 1994.

Roberta Wall, Gulielmetti & Gesmer, P.C., New York City, for plaintiff.

Cheryl Robin Saban, Paul Hastings, Janofsky & Walker, New York City, for defendants.

### OPINION & ORDER

SOTOMAYOR, District Judge.

Defendants Hilton International Co. ("Hilton") and Jean–Claude Noel seek to reverse an order of Magistrate Judge Theodore Katz, read into the record on July 15, 1994 (the "Magistrate Judge's Order"). The Magistrate Judge's Order concluded that certain communications between Hilton's inside counsel and employees concerning the compensation of a prospective employee fell within the crime-fraud exception to the attorney-client privilege, and thus, were not privileged. For the reasons discussed below, I affirm the Magistrate Judge's Order.

### DISCUSSION

A magistrate judge's ruling on a nondispositive pretrial matter may be set aside only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A) (West Supp.1992); *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F.Supp. 1220, 1239 (S.D.N.Y.1991); *Suggs v. Capital Cities/ABC, Inc.*, 122 F.R.D. 430 (S.D.N.Y. 1988). After taking oral argument on this issue, and carefully reviewing the parties' submissions, I am left with the firm conviction that the Magistrate's Judge's Order was neither clearly erroneous nor contrary to law.

At the August 19, 1994 oral argument on defendants' motion, I ordered the parties to take the deposition of Martin Gray, confining their questions to the sequence of events leading up to the preparation of the compensation letters to Mr. LeMay. That deposition leaves no doubt that the attorney-client communications in question were made with an intent to mislead the plaintiff. Mr. Gray confirmed Magistrate Judge Katz's conclusion that, in consultation with counsel, Hilton prepared the two compensation letters to Mr. LeMay with the intent to mislead the plaintiff—who had already threatened the company with a sex discrimination suit—as to Mr. LeMay's compensation package in the event she filed a sex discrimination action against Hilton. *See* Deposition of Martin Gray, dated August 19, 1994, at 6–7, 27–30.

I find Judge Leonard B. Sand's reasoning in *Diamond v. Stratton*, 95 F.R.D. 503 (S.D.N.Y.1982) and *Irving Trust Co. v. Gomez*, 100 F.R.D. 273 (S.D.N.Y.1983) persuasive, and agree with Magistrate Judge Katz that intentional torts moored in fraud can trigger the crime-fraud exception. The Second Circuit in *In re Grand Jury Subpoena Duces Tecum*, 731 F.2d 1032 (2d Cir.1984) did not, as defendants contend, overrule, implicitly or otherwise, *Diamond* or *Irving Trust*. In fact, *Marc Rich* makes clear that the crime-fraud exception does not require the commission of an actual crime or fraud. The exception is triggered if the asserted crime or fraud was the "objective of the client's communication" with its counsel. *Id.* at 1038. And where fraud is asserted, "the fraudulent nature of the objective need not be established definitively; there need only be presented a reasonable basis for believing that objective was fraudulent." *Id.*

The facts of this case demonstrate if not an actual fraud, at least an intent on the part of defendants to defraud plaintiff. Mr. Gray's testimony leaves no doubt that, through the two compensation letters, defendants sought to make it appear as though Mr. LeMay's expected compensation was equal to that received by Ms. Cooksey in the event Ms. Cooksey made good on her threat to pursue a sex discrimination suit against Hilton.

Consequently, the Magistrate Judge's Order, being neither clearly erroneous nor contrary to law, is **AFFIRMED.** Plaintiff, therefore, may depose Martin Gray, Jean–Claude Noel and Mr. Ron Kreisman about the genesis, preparation and purpose of the compensation letters sent to Mr. LeMay.

**SO ORDERED.**