**Thomas D. WARD, Plaintiff,**

v.

**CSX TRANSPORTATION, INC., Defendant.**

Civ. A. No. 7:94–CV–67–F2.

United States District Court, E.D. North Carolina, Wilmington Division.

March 22, 1995.

Diana E. Ricketts, Bode, Call & Green, Raleigh, NC for plaintiff.

John C. Millberg, Millberg & Gordon, P.L.L.C., Raleigh, NC for defendant.

## ORDER COMPELLING PRODUCTION

DENSON, United States Magistrate Judge.

THIS CAUSE comes before the court on Plaintiff's motion to compel the defendant to respond to inquiries concerning the existence of surveillance of the plaintiff. The defendant has filed a response in opposition to the motion and this motion is now ripe for ruling.

This motion presents to the court the issue of whether surveillance materials—intended for use at trial, if at all, only as impeachment—are discoverable. The issue has not been decided by the Fourth Circuit or the Supreme Court and other authority is split.

This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.*, alleging that plaintiff was injured on July 14, 1991 during his employ- ment by the defendant. Apparently at some point defendant engaged in surveillance of the plaintiff, perhaps surreptitiously filming him. Defendant objected to discovery seeking surveillance materials, contending them to be not discoverable.

The defendant asserts that surveillance materials are not discoverable because 1) they will be used solely for impeachment and, as such, are exempted from discovery by Rule 26(a)(3); 2) they are protected by work product immunity, and 3) plaintiff's requests exceed the scope of discovery. Defendant contends that if plaintiff testifies truthfully about his injuries, any surveillance film showing his activities would merely be corroborative and, since they would not be impeaching, would not be used. Thus, defendant argues, nondisclosure merely serves to encourage plaintiff to testify truthfully.

First, defendant is not correct in its contention that Rule 26(a)(3) exempts impeachment materials from discovery. Rule 26(a) is concerned with automatic disclosure of materials, not the scope of discovery. Under Rule 26(a) certain materials must be disclosed "without waiting a discovery request". The *scope* of discovery is described in Rule 26(b), which provides: "Parties may obtain discovery regarding *any matter, not privileged* which is relevant to the subject matter involved in the pending action ..." (emphasis added). While the disclosure rule (a)(3), exempts impeachment materials, the discovery rule (b) does not. The undersigned agrees that early disclosure of surveillance materials should not be compelled.[1]

Next, the court will consider the defendant's argument that the plaintiff's requests exceed the scope of discovery. F.R.Civ.P. 26(b)(1) allows discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action." "Obviously files which would tend to show a plaintiff's physical condition, how he moves, and the restrictions which are his, are highly relevant—perhaps they will establish the most important facts in the entire case."

---

1. In any event, this court has now opted out of the automatic disclosure provisions of Rule 26.

L.R. 23.07.

*Snead v. American Export–Isbrandtsen Lines, Inc.*, 59 F.R.D. 148, 150 (E.D.Pa.1973). Therefore, the surveillance materials can be discovered if they are not privileged.

■ Lastly, the defendant contends that surveillance materials are attorney work product and the plaintiff has failed to show a substantial need for them. The work product doctrine, found in Rule 26(b)(3), F.R.Civ.P. was adopted to codify the rule formulated in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) that attorney work product would be accorded a limited immunity from discovery. *Joyner v. Continental Insurance Companies*, 101 F.R.D. 414, 415 (S.D.Ga.1983). The burden is on the party asserting it to establish three things (1) that the material sought to be withheld from disclosure consists of documents or tangible things, (2) prepared in anticipation of litigation or for trial, (3) by or for another party or by or for that party's representative. *City Consumer Services, Inc. v. Horne*, 100 F.R.D. 740, 747 (D.Utah 1983).

■ Immunity from discovery afforded work product under Rule 26(b)(3) can be separated into two types "one of which is 'absolutely' immune from discovery and the other only qualifiedly immune". *National Union Fire Ins. v. Murray Sheet Metal*, 967 F.2d 980, 983 (4th Cir.1992). The "mental impressions, conclusions, opinions [and] legal theories ... concerning the litigation" are absolutely protected from discovery while discovery of other forms of work product is permitted upon a showing of substantial need. *Id.*

The issue of whether surveillance materials are protected by work product immunity has not been resolved by the Fourth Circuit. Several district courts have, however, previously dealt with this issue. This defendant raised the issue in *Boyle v. CSX Transportation, Inc.*, 142 F.R.D. 435 (S.D.W.Va.1992) and that Court held that the work product doctrine does not preclude discovery of surveillance information. Perhaps the seminal case on this issue is *Snead* which also held that discovery of surveillance materials should be allowed. 59 F.R.D. at 150.

■ Surveillance materials are clearly within the definition of work product since they are tangible and were prepared in anticipation of litigation by or for a party to the litigation. · The surveillance materials are, however, entitled to only a qualified immunity since no mental impressions, conclusions, or legal theories of the attorney are implicated. The qualified immunity can be overcome by a showing of substantial need.

> The only time there will be a substantial need to know about surveillance pictures will be in those instances where there would be a major discrepancy between the testimony the plaintiff will give and that which the films would seem to portray. By the same token this would be the only instance where there is a substantial need to withhold that information from plaintiff's counsel. If the discrepancy would be the result of the plaintiff's untruthfulness, the substantial need for his counsel to know of the variance can hardly justify making the information available to him. On the other hand, if the discrepancy would result from misleading photography, the necessary background information should be made available to the plaintiff's attorney so the fraud can be exposed. It goes without saying that the means to impeach should not be the exclusive property of the defense. Any rule formulated, therefore, must balance the conflicting interests of the plaintiff against the conflicting interests of the defendant and protect both insofar as it is possible to do so.... [T]hese purposes can best be achieved by requiring the defense to disclose the existence of surveillance films or be barred from showing them at trial.

*Wegner v. Viessman, Inc.*, 153 F.R.D. 154, 156 (N.D.Ia.1994). The undersigned finds this reasoning to be convincing. In addition, this same issue has been considered at least three times before in this district, twice by the undersigned, *Blount v. Wake Electric Membership Corporation, et al.*, 162 F.R.D. 102 (1993); *Ford v. CSX Transportation, Inc.*, 162 F.R.D. 108 (Jan. 9, 1995), affirmed

on reconsideration (Feb. 21, 1995)[2] and once by Magistrate Judge Charles K. McCotter, Jr. involving this same defendant, *Smith v. CSX Transportation, Inc.*, No. 93–373–CIV–F, 1994 WL 762208 (May 18, 1994). All of those rulings were that surveillance materials were discoverable after an opportunity to depose the subject of the surveillance.

In the absence of any ruling by the Fourth Circuit, and considering the split of other authority on the subject, the undersigned again concludes that allowing discovery of surveillance materials after the deposition of the plaintiff, but before trial, best meets the ends of justice and the spirit of the discovery rules to avoid surprise at trial. Defendant may insure the impeachment value of the surveillance by taking a video deposition prior to disclosure of the surveillance materials. In that deposition, defendant may carefully examine plaintiff about his injuries and disabilities and even require him to demonstrate alleged limitations of motions on videotape. Inconsistencies between that deposition and the surveillance materials can be used to impeach the plaintiff at trial.

Accordingly, the Plaintiff's Motion to Compel is HEREBY ALLOWED. Defendant must produce the surveillance materials by April 17, 1995.

**2.** This order was vacated by Judge Boyle in a short order reserving the decision until closer to the trial. However, he did not analyze the issue on its merits and did not express an opinion about what the ruling may ultimately be.