Edward J. CORNELIUS, Plaintiff,

v.

**CONSOLIDATED RAIL CORPORATION, Defendant.**

**No. 96–CV–589 (LEK) (DRH).**

United States District Court,
N.D. New York.

Nov. 6, 1996.

---

McClung, Peters & Simon, Albany, New York, for Plaintiff (Marc H. Goldberg and Christine M. Legorius, of counsel).

Hodgson, Russ, Andrews, Woods & Goodyear, Albany, New York, (Theresa J. Puleo and Annette M. Tambasco, of counsel) and Burns, White & Hickton, Pittsburgh, Pennsylvania, (Koleen S. Kirkwood, of counsel), for Defendant.

## MEMORANDUM–DECISION AND ORDER

HOMER, United States Magistrate Judge.

Plaintiff Edward J. Cornelius commenced this action under the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq., alleging that he suffered a repetitive motion injury while employed as a laborer by defendant Consolidated Rail Corporation (Conrail). Cornelius submitted interrogatories to Conrail seeking information on prior claims and lawsuits filed against Conrail involving similar allegations. Conrail objected to producing that information on the grounds of relevance and work product. Presently pending is Cornelius' motion pursuant to Fed.R.Civ.P. 37(a) to compel Conrail to answer those interrogatories. For the reasons which follow, that motion is granted.

### I. Statement of Facts

Cornelius served Conrail with interrogatories which included three seeking information on prior claims and lawsuits concerning similar allegations. In these interrogatories Cornelius sought identification of details of these

claims and lawsuits for the period from January 1, 1989 to date, including the identity of employees who filed such claims and lawsuits, a description of each claim, the date Conrail received notice, the injuries alleged, the names and addresses of claimants' attorneys, case numbers, outcomes, and the names and addresses of attorneys who represented Conrail.

In response Conrail advised only that, reported by year, approximately 5,000 "upper extremity musculoskeletal matters" had been filed since 1989. Conrail advised that it does not itself maintain a central data base for such claims and it objected to production of the information sought. Conrail confirmed that it has retained the law firm of Burns, White & Hickton in Pittsburgh, Pennsylvania (the law firm) to represent it nationally on such claims and lawsuits. The law firm maintains a centralized data base of all such claims and lawsuits which includes substantially all the information sought by Cornelius. Conrail, however, objected to production of the information maintained by the law firm on the ground that it is irrelevant and that it constitutes attorney work product.

## II. Discussion

### A. Relevance

■ Under Fed.R.Civ.P. 26(b)(1),

[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

On this motion, then, the test of relevance is not admissibility at trial but the broader test of whether the information sought reasonably will lead to the discovery of admissible evidence. *Miles v. Boeing Co,* 154 F.R.D. 117, 119 (E.D.Pa.1994); *Burton Mechanical Contractors, Inc. v. Foreman,* 148 F.R.D. 230, 232 (N.D.Ind.1992).

Cornelius contends that the information sought in these interrogatories relates to a variety of issues in this case. These principally include whether Conrail had notice of the conditions which allegedly caused Cornelius' injury. They also include causation and foreseeability. Each of these issues remains contested in this case and, therefore, the information sought relates to the subject matter of the case. *Cf. Lohr v. Stanley–Bostitch, Inc.,* 135 F.R.D. 162, 164 (W.D.Mich.1991) (discovery ordered of claims involving similar accidents in product liability case). Conrail's contention that the numerical summary it has already provided adequately serves Cornelius' purposes, if accepted, would permit Conrail to limit the nature and quantum of Cornelius' evidence on these issues. Nothing in Rule 26 supports this contention and it is rejected.

Conrail further contends that the relevance of the information sought varies with the time period in question. The onset of Cornelius' alleged injury appears no earlier than May 1, 1993. Conrail argues from this that the relevance, if any, of the information sought ends on that date.

■ Clearly, the information sought for the period ending May 1, 1993 is relevant to matters at issue in this case. Claims and law suits filed after May 1, 1993 may be inadmissible at trial. However, the information sought concerning them may with reasonable probability lead to the discovery of admissible evidence. Among other matters, such information should contain or lead to evidence related to the foreseeability to Conrail of Cornelius' alleged injury, the feasibility of remedial actions which would have averted such injury, and information related to work conditions in the possession of Conrail prior to May 1, 1993.

Thus, the information sought by Cornelius for the period from January 1, 1989 to date satisfies the relevancy requirement of Rule 26(b) and, unless immune, that information must be provided to Cornelius.[1]

1. While Conrail has asserted that to require production of this information from its own records would be unduly burdensome because the records are maintained randomly at its various office locations, the same argument has not been asserted regarding the records maintained by the law firm. Those records are centrally maintained, have been computerized, and are retrievable on a computer printout without significant burden. Moreover, Conrail advises that narrow-

## B. Work Product

In *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), the Supreme Court gave rise to the work product doctrine codified in Fed.R.Civ.P. 26(b)(3), which states in pertinent part:

[A] party may obtain discovery of documents and tangible things otherwise discoverable ... and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

■ That rule distinguishes between matters revealing the thought processes of a party's representative and factual information obtained in anticipation of litigation. Substantial protection is afforded the first category. Limited protection is afforded the second. *Chiasson v. Zapata Gulf Marine Corp.,* 988 F.2d 513, 514 n. 2 (5th Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 1536, 128 L.Ed.2d 189 (1994). That limited protection serves to prevent exploitation of the efforts of another party in preparing for litigation, *see Diamond State Ins. Co. v. Rebel Oil Co., Inc.,* 157 F.R.D. 691, 699 (D.Nev. 1994), and to permit a party to prepare for trial without fear that its thought processes will be disclosed to another party. *See Redvanly v. NYNEX Corp.,* 152 F.R.D. 460, 463 (S.D.N.Y.1993).

■ Material falls within the scope of the work product doctrine if it satisfies three criteria. First, the material must be a document or tangible thing. Second, it must have been prepared in anticipation of litigation.

Third, it must have been prepared by or for a party or its representative. *Bartley v. Isuzu Motors Ltd.,* 158 F.R.D. 165, 167 (D.Colo.1994). The initial burden of establishing these elements rests with the party asserting the protection of the doctrine. *Ward v. CSX Transp., Inc.,* 161 F.R.D. 38, 40 (E.D.N.C.1995).

■ Here, Cornelius does not dispute that Conrail has met its burden of showing that the information sought falls within the scope of the doctrine. Cornelius contends first, however, that Conrail has waived its right to assert the doctrine. In another case in this district alleging repetitive motion injury against Conrail involving the same law firms as here, Conrail provided the plaintiff with a computer listing from the records of the law firm of claims and lawsuits to the date of the onset of that plaintiff's symptoms. Cornelius argues that such production waived any claim to the protection of the attorney work product doctrine. *Cf. United States v. Nobles,* 422 U.S. 225, 239–40, 95 S.Ct. 2160, 2170–71, 45 L.Ed.2d 141 (1975); *Bowne of New York City, Inc. v. AmBase Corp.,* 150 F.R.D. 465, 479–87 (S.D.N.Y.1993) (voluntary disclosure of privileged information by deposition in another case constituted waiver). It appears, however, that production in that case was made only after Conrail first objected to production and after a conference on the objection at which the court suggested or directed that Conrail produce the information. On this record, then, there is insufficient proof that Conrail's prior partial production was voluntary and Cornelius' claim of waiver must, therefore, be rejected.

■ Cornelius next contends that he has satisfied the two-pronged requirement of Rule 26(b)(3) to mandate disclosure. That rule requires the moving party to show, first, "a substantial need for the materials in the preparation of his case" and, second, "he is unable without undue hardship to obtain the substantial equivalent of the materials by other means."[2] Cornelius has satisfied both requirements.

---

ing the category of claims and lawsuits, for example, to those involving claimants performing jobs similar to Cornelius' would not facilitate production of this information.

2. Rule 26(b)(3) also requires that protection be afforded the thought processes of the law firm.

Cornelius' substantial need for the information arises from his need to establish Conrail's knowledge of the conditions which allegedly caused his injuries, the foreseeability of those injuries and the feasibility of remedial measures. The information sought reasonably contains or will lead to such evidence. Such evidence carries great probative value on these contested issues.

Absent production of the information, Cornelius would be required to examine state and federal court files nationwide to identify cases in which Conrail was named as a defendant, examine those cases to determine whether the causes of action bear any relation to the claim at issue here, and attempt to determine the outcome of the case. Claims not resulting in lawsuits could only be identified by surveying Conrail's employees performing duties similar to Cornelius' to determine if they had ever filed a claim with Conrail. The impossibility of these tasks suffices to establish undue hardship. *See Walters v. State Farm Mut. Auto Ins. Co.,* 141 F.R.D. 307, 308 (D.Mont.1990) (examination of claims files only means by which plaintiff could establish claim of bad faith).

Cornelius has thus met the burden imposed by Rule 26(b)(3) for production of the work product material here sought.

### III. Conclusion

For the reasons set forth above, it is hereby

**ORDERED** that plaintiff's motion pursuant to Fed.R.Civ.P. 37(a) to compel answers to interrogatories numbered 34, 39 and 40 is **GRANTED** for the period from January 1, 1989 to date and defendant is directed to answer those interrogatories on or before December 2, 1996.

However, the information sought here is purely factual and would not require revelation of those