**82**

Denis P. DONOVAN, Plaintiff,

v.

AXA EQUITABLE LIFE INSURANCE COMPANY, Defendant.

Civil Action No. 07–11394–NG.

United States District Court,
D. Massachusetts.

Aug. 5, 2008.

Michael J. Kelley, Law Office of Michael J. Kelley, Boston, MA, for Plaintiff.

Jessica H. Munyon, Joseph M. Hamilton, Mirick, O'Connell, Demallie & Lougee LLP, Worcester, MA, for Defendant.

### ORDER ON PLAINTIFF'S MOTION TO COMPEL

JUDITH GAIL DEIN, United States Magistrate Judge.

This matter is before the court on Plaintiffs "Motion to Overrule Objections to Request for Production of Documents and Motion to Compel" (Docket No. 16). By this motion, the Plaintiff is seeking to compel the Defendant to produce surveillance materials taken of Mr. Donovan and currently in the possession of the Defendant, AXA Equitable Life Insurance Company ("AXA"). After reviewing the parties' submissions and hearing their arguments, the motion to compel is DENIED.

Most courts, both federal and state, have held that video surveillance tapes, if they plan to be used at trial, must be produced in discovery and are not considered to be protected work product. *See Papadakis v. CSX Transp., Inc.,* 233 F.R.D. 227 (D.Mass.2006). AXA does not challenge this notion, but rather seeks to delay production of the video surveillance tapes in its possession until after the Plaintiff's deposition. AXA argues that the tapes are to be used as impeachment evidence and the Plaintiff should not have the opportunity to see the tape, potentially altering his testimony to reflect its content, prior to being deposed.

This line of reasoning has been adhered to by many courts, but has yet to be discussed at length in this Circuit. *See Melhorn v. N.J. Transit Rail Operations, Inc.,* 203 F.R.D. 176, 180 n. 5 (E.D.Pa.2001) ("Case law establishes that a defendant may withhold disclosures until the defendant has had an opportunity to fully depose the plaintiff.") (citing *Snead v. Am. Export–Isbrandtsen Lines, Inc.,* 59 F.R.D. 148, 151 (E.D.Pa.1973) ("The defense must be given an opportunity to depose the plaintiff fully as to his injuries, their effects, and his present disabilities. Once his testimony is memorialized in deposition, any variation he may make at trial to conform to the surveillance films can be used to impeach his credibility.")); *Ward v. CSX Transp., Inc.,* 161 F.R.D. 38, 41 (E.D.N.C. 1995) (Surveillance materials were discoverable after there was an opportunity to depose the subject of the surveillance); *Daniels v. Nat'l R.R. Passenger Corp.,* 110 F.R.D. 160, 161 (S.D.N.Y.1986) (requiring production of surveillance tapes "only after the depositions of the plaintiff or other witnesses to be impeached, so that their testimony may be 'frozen.' "). This court finds the reasoning of these cases to be persuasive. *See also Papadakis,* 233 F.R.D. at 228 (in ordering that surveillance tapes be produced, Judge Nei-

man notes that the plaintiff had already been deposed). "[A]llowing discovery of surveillance materials after the deposition of the plaintiff, but before trial, best meets the ends of justice and the spirit of the discovery rules to avoid surprise at trial." *Ward*, 161 F.R.D. at 41.

This court also finds it significant that AXA has long made its position known to the Plaintiff. Nevertheless, the Plaintiff did not move to compel production of the tape until the end of the discovery period and just nine (9) days prior to the Plaintiff's scheduled deposition.

For the reasons discussed above, Plaintiff's motion to compel is DENIED. By agreement of the Defendant, the surveillance materials are to be produced immediately following the completion of Mr. Donovan's deposition.